ANDERSON VS. THE MILWAUKEE & ST. PAUL RAILWAY COMPANY.

MASTER AND SERVANT. (1) *Action for injuries to servant from negligence of fellow servant, will not lie against master.* (2) *Nor will action lie here, when injury received in another state, whose statutes give action.*

1. It has been settled as the law of this state, that an action will not lie by a servant against his master for injuries received in the course of the service through the negligence of a fellow servant.
2. Where such an injury was received in another state, whose statutes grant a right of action in such cases, no action therefor will lie here; the remedy in personal actions for personal injuries being governed by the *lex fori.*

APPEAL from the Circuit Court for *Crawford* County.

The complaint alleges that the plaintiff was an employee of the defendant, and in the course of his service, suffered personal injuries in the state of Iowa, through the negligence of another employee of the defendant company; that the law of the state of Iowa at the time of the injury was, since has been, and is, as follows:

"Every railroad company shall be liable for all damages sustained by any person, including employees of the company, in consequence of any neglect of the agent, or by any mismanagement of the engineer, or other employee of the corporation, to any person sustaining such damage; all contracts to the

contrary notwithstanding." Acts 9th Gen. Assembly, ch. 169, sec. 7, as amended by Acts 13th Gen. Assembly, ch. 121, sec. 7. Judgment is demanded for the damages. Demurrer to the complaint was sustained, and the plaintiff appealed.

*M. M. Webster* and *Elijah Odell & Son*, for appellant, argued, *inter alia*, that the *lex loci contractus* governs the rights of the parties; that the contract of hiring, under which the appellant was employed, is an Iowa contract, and the statute entered into it and became part of it. *Streubel v. M. & M. R. R. Co.*, 12 Wis., 67; *Whitford v. Panama R. R. Co.*, 23 N. Y., 471; 3 Bosw., 67; 3 Duer, 67; *Flanagan v. Packard*, 41 Vt., 561; *Nashville & C. R. R. v. Eakin*, 6 Coldw. (Tenn.), 582.

*John W. Cary* and *O. B. Thomas*, for respondent. [No brief on file.]

RYAN, C. J. The appellant, being a servant of the respondent, sues for personal injuries suffered by him, in the course of his service, through negligence of his fellow servant, in the state of Iowa; and, in support of his action, pleads a statute of that state, making railroad companies liable in such cases.

The subject was deliberately considered and reconsidered here; and it is now the settled law of this court that such an action will not lie in this state. *Chamberlain v. M. & M. R. R. Co.*, 7 Wis., 425; *S. C.*, 11 id., 238; *Moseley v. Chamberlain*, 18 id., 700; *Cooper v. M. & P. du C. R. R. Co.*, 23 id., 668.

The action here is a personal action, for personal injury, governed by the *lex fori.* This is almost too familiar a principle for discussion or authority. "A person suing in this country must take the law as he finds it. He cannot, by virtue of any regulation of his own country, enjoy greater advantages than any other suitor here; and he ought not therefore to be deprived of any superior advantage which the law of this country may confer. He is to have the same rights which all the subjects of this kingdom are entitled to." Lord TENTERDEN in *De la Vega v. Vianna,* 1 Barn. & Ad., 284. "We must admin-

ister justice to them [nonresident suitors] according to our laws, and the forms prescribed by our legislature, or the usages of our courts of justice." SPENCER, C. J., in *Scoville v. Canfield*, 14 Johns., 338. " That the statute of another state cannot *ex proprio vigore* have the force of law in this state is very clear; and its effect in this court must depend on the laws of the commonwealth." PARSONS, C. J., in *Pearsall v. Dwight*, 2 Mass., 84. " When the laws of several states differ, a citizen of one state, asserting rights in another, must claim them according to the laws of the last mentioned state; not according to those which obtain in his own." DENIO, J., in *Lemmon v. People*, 20 N. Y., 562.

The appellant has no greater remedy here, under the Iowa statute, than under our own law. The demurrer was therefore properly sustained, and the order of the court below must be affirmed.

*By the Court.*—Order affirmed.