JOHN L. WALSH *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.    December 6, 1893. — March 1, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Action — Conflict of Laws.*

If by the law of another State where a personal injury is suffered a recovery may be had there, an action may be maintained for the injury in this Commonwealth, although the plaintiff could not have recovered therefor, if the injury had happened here.

HOLMES, J. This is an action of tort to recover for a personal injury suffered by the plaintiff in Connecticut. The injury was caused by a broken draw-bar on a foreign freight car which did not belong to the defendant. Whether the defendant was using it, or, as we suppose, simply was forwarding it, is not stated. The plaintiff testified, and we assume, that it was customary to inspect freight trains at certain points named, and the evidence tended to show that the injury was due to the negligence of the inspectors at one of those points. In other words, the regulations of the defendant were sufficient, so far as appears, and the only wrong was the negligence of the inspector on the particular occasion seemingly in omitting to inspect the train. The court ruled, in substance, that under the Massachusetts decisions, if the accident had happened here, the injury would have been regarded as due to the negligence of a fellow servant, and the plaintiff could not have recovered. This was not excepted to. *Mackin* v. *Boston & Albany Railroad*, 135 Mass. 201, 206. *Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, 24, 25.

Certain extracts from the case of *McElligott* v. *Randolph*, 61 Conn. 157, 161, 162, 164, were put in evidence. The judge

ruled that the jury was authorized to find that the law of Connecticut was different from that of Massachusetts in this respect, and that, if by the law of Connecticut the plaintiff could maintain his action there, a verdict might be found for him here. These rulings were excepted to by the defendant. With regard to the former, we have some hesitation. The extracts from the Connecticut case, taken by themselves, state nothing that might not be laid down in Massachusetts; for instance, in explaining the personal duty of a master to see that reasonable care is exercised to provide reasonably safe machinery. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240, 260, is one of the cases cited as authority for the propositions. Others are *Hough* v. *Railway Co.* 100 U. S. 213, citing the same case, and *Davis* v. *Central Vermont Railroad*, 55 Vt. 84, citing and relying on *Holden* v. *Fitchburg Railroad*, 129 Mass. 268. But in *McElligott* v. *Randolph* the facts give a somewhat different complexion to the language used. The accident in that case happened in taking down a wheel, and was assumed to be due to the fact that the superintendent had gone home. Superintendence was necessary in order that the work should be done safely, and it was held that the defendants had not done their whole duty in furnishing a competent superintendent, but that they were bound to see that oversight was exercised. The case is not exactly in point, but it seems to us that the argument is much stronger for the proposition that reasonable inspection of foreign cars is one of the duties which a railroad is bound to see performed, and that the decision affords some ground for the inference that the Connecticut courts would adopt that proposition.

If, however, we assume, as was ruled and as we do assume, that if the accident had happened in this State the plaintiff could not have recovered, it is argued that he cannot recover now. A decision in Wisconsin and language from some English cases are cited which more or less favor this contention. *Anderson* v. *Milwaukee & St. Paul Railway*, 37 Wis. 321. *The Halley*, L. R. 2 P. C. 193, 204. *Phillips* v. *Eyre*, L. R. 6 Q. B. 1, 28, 29. *The M. Moxham*, 1 P. D. 107, 111. Possibly, when it becomes material to scrutinize the question more closely, the English law will be found to be consistent with our views. But however this may be, we are of opinion that, as between

the States of this Union, when a transitory cause of action has vested in one of them under the common law as there under-stood and administered, the mere existence of a slight variance of view in the forum resorted to, not amounting to a fundamental difference of policy, should not prevent an enforcement of the obligation admitted to have arisen by the law which governed the conduct of the parties.   See *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176.   It is unnecessary to consider whether we should be prepared to adopt in its full extent what is thought by the learned editor of Story, Conflict of Laws, (8th ed.) § 625, note *a*, to be the true doctrine, — that " whether the domestic law provides for redress in like cases should in principle be immaterial, so long as the right is a rea-sonable one and not opposed to the interests of the State."   The cases cited, *Dennick* v. *Railroad Co.* 103 U. S. 11, and *Leonard* v. *Columbia Steam Navigation Co.* 84 N. Y. 48, go further than the decisions of this State.   *Richardson* v. *New York Central Railroad*, 98 Mass. 85.   The policy of the supposed Connecticut rule cannot be said to be opposed to that prevailing here, even apart from statute.   See St. 1893, c. 359.

*Exceptions overruled.*

*F. A. Farnham*, for the defendant.
*C. G. Fall*, for the plaintiff.