## The Chicago and Eastern Illinois Railroad Co.

*v.*

## R. A. Rouse, Admr.

*Opinion filed February 17, 1899.*

1. Actions and defenses—*personal actions for torts are transitory.* Actions not penal, but for torts or civil injuries to person or property, are transitory, and may, in general, be maintained in any jurisdiction in which defendant may be legally served with process.

2. Conflict of laws—*application of rule of comity where an action accrues under statute.* A right of action which has accrued under a statute of one State will be enforced in another State unless prohibited by law, or against morals, natural justice or the general interest of the citizens of the State of the forum.

3. Same—*action arising under foreign statute abrogating fellow-servant rule enforcible in Illinois.* A right of action arising in Indiana under a statute of that State holding the master liable for injuries received by an employee through the negligence of a fellow-servant may be enforced in Illinois.

*C. & E. I. R. R. Co.* v. *Rouse,* 78 Ill. App. 286, affirmed. .

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. Bookwalter, Judge, presiding.

Will H. Lyford, H. M. Steely, and Albert M. Cross, for appellant:

The courts of Illinois will not enforce the statutes of another State contrary to our public policy. *Railroad Co.* v. *Gardner,* 70 N. W. Rep. 508; *Pope* v. *Hanke,* 155 Ill. 617; *Buell* v. *Breese Mill Co.* 65 Ill. App. 271; *Bank* v. *Earle,* 13 Pet. 519; Story on Conflict of Laws, secs. 28, 38; *Tuttle* v. *Bank,* 161 Ill. 497; *Armstrong* v. *Best,* 17 S. E. Rep. 14.

The Illinois fellow-servant rule has its foundation in public policy. *Honner* v. *Railroad Co.* 15 Ill. 550; *Farwell* v. *Railroad Co.* 4 Metc. 49; *Railroad Co.* v. *Cox,* 21 Ill. 26.

The Indiana statute, which abrogates the Illinois common law fellow-servant rule, will not be enforced in Illinois. *Anderson* v. *Railroad Co.* 37 Wis. 321.

A statute creating a liability for damages for death by wrongful act will not be enforced in another State which has no such statute or which has a radically different statute on that subject. *Richardson* v. *Railroad Co.* 98 Mass. 85; *Ash* v. *Railroad Co.* 72 Md. 144; *Railway Co.* v. *Richards,* 68 Tex. 375; *Railway Co.* v. *McCormick,* 71 id. 660; *Davis* v. *Railway Co.* 143 Mass. 301; *Woodford* v. *Railroad Co.* 10 Ohio St. 121; *McCarthy* v. *Railway Co.* 18 Kan. 46; *Whitford* v. *Railway Co.* 23 N. Y. 465; *Lower* v. *Segal,* 59 N. J. L. 66; *Vawter* v. *Railway Co.* 84 Mo. 679.

Tilton & Cundiff, for appellee:

An action may be brought in one State, if not contrary to its own policy, for a wrong done in another State and actionable there, although a like wrong would not be actionable in the State where suit is brought. *Huntington* v. *Attrill,* 146 U. S. 670; *Dennick* v. *Railroad Co.* 103 id. 11; *Railway Co.* v. *Cox,* 145 id. 593; *Herrick* v. *Railway Co.* 31 Minn. 11; *Higgins* v. *Railway Co.* 155 Mass. 176; *Railroad Co.* v. *Doyle,* 60 Miss. 977; *Morris* v. *Railroad Co.* 65 Iowa, 727.

The following authorities have held actions of this character to be transitory, and not local, and that they can be maintained in any court to whose jurisdiction the defendant can be subjected: Rorer on Inter-State Law, p. 217; *Herrick* v. *Railway Co.* 31 Minn. 11; *Dennick* v. *Railroad Co.* 103 U. S. 11; *The Scotland,* 105 id. 2; *Railway Co.* v. *Babcock,* 154 id. 190; *Burns* v. *Railway Co.* 113 Ind. 169; *Higgins* v. *Railway Co.* 155 Mass. 176; *Leonard* v. *Navigation Co.* 84 N. Y. 48; *McLeod* v. *Railway Co.* 58 Vt. 726; *Hanna* v. *Grand Trunk,* 41 Ill. App. 116; *Shedd* v. *Moran,* 10 id. 618.

If the courts of a State have construed a statute the courts of a sister State will ordinarily respect their construction. *Elmendorf* v. *Taylor,* 10 Wheat. 152; *Leonard* v. *Navigation Co.* 38 Am. Rep. 491; *Jessup* v. *Carnegie,* 80 N. Y. 441; *Shelby* v. *Guy,* 11 Wheat. 367; *County of Leavenworth* v. *Barnes,* 94 U. S. 70; *Piek* v. *Railroad Co.* id. 164; *Ottawa* v. *Perkins,* id. 260; *Adams* v. *Nashville,* 95 id. 19.

Mr. Justice Boggs delivered the opinion of the court:

George W. Brewer, deceased, appellee's intestate, during his lifetime and at the time of his death, was a resident of Vermilion county, in this State. The appellant, a corporation organized under the laws of this State, was engaged in operating its trains over its own lines and leased lines of railway in the States of Illinois and Indiana. Said intestate was employed as a fireman on one of appellant's locomotive engines, and while engaged in the discharge of his duty in that capacity on an engine drawing a passenger train along the line of appellant's road in the State of Indiana was killed by a collision between the said engine and train upon which he was employed and another engine drawing a freight train, controlled and operated by other servants of the appellant company upon its said line of road in the State of Indiana. This was an action on the case, commenced in the circuit court of Vermilion county, Illinois, by the appellee administrator of the said Brewer, to recover damages for the benefit of those entitled to receive distribution of the personal effects of the said deceased.

The declaration, in some of the counts, charged the collision was occasioned by the negligence of the conductor of the freight train, and in other counts that the trains collided because of the negligence of the engineer of the freight train, and counted and predicated the right of recovery upon an alleged liability created by the statute of the State of Indiana in such cases, and set forth the statute of such State, and such statute was produced in evidence. Section 7083 of the Indiana statute provides that where the death of an employee of any railroad company or other corporation is caused by the negligence of any person in the employ or service of such corporation who has charge of any locomotive engine or train of cars upon any railroad, or by the negligence of any fellow-servant engaged in the same common service in any of the several departments of such corporation, while the

employee so killed is obeying or conforming to the orders of some superior having authority to direct at the time of such death, the railway company or other corporation operating such locomotive engine or train shall be liable to respond to the personal representatives of such deceased in damages in a sum not exceeding $10,000, to be distributed to the widow and children, if any, or next of kin of the deceased, in the same manner as personal property of the deceased.

A plea of not guilty was filed and the cause submitted to and heard by a jury, who returned a verdict in favor of the appellee administrator in the sum of $5000. The judgment was affirmed by the judgment of the Appellate Court for the Third District on appeal, and the appellant company has prosecuted a further appeal to this court.

The effect of the statute of Indiana is to abrogate the doctrine which it seems to be conceded would otherwise be applicable to the facts of this case, that the appellant company, as employer, is not to be held liable for an injury, fatal or otherwise, to an employee which was occasioned by the negligence of a fellow-servant of such employee. The principal question arising is whether this statute will be applied and the doctrine thereof enforced in an action instituted and maintained in the courts of this State, or whether the law as it exists in this State will govern and control. Actions not penal, but for pecuniary damages for torts or civil injuries to the person, are transitory, and if actionable where committed, in general may be maintained in any jurisdiction in which the defendant can be legally served with process. We think it well settled that, without regard to the rule which may obtain as to a cause of action which accrued under the laws of a separate and distinct nation, a right of action which has accrued under the statute of a sister State of the Union will be enforced by the courts of another State of the Union, unless against good morals, natural justice or the general interest of the citizens

of the State in which the action is brought. Dicey on Conflict of Laws, par. 1, pp. 667-669; *Herrick* v. *Minneapolis and St. Louis Railway Co.* 31 Minn. 11; *Dennick* v. *Railroad Co.* 103 U. S. 11; *The Scotland,* 105 id. 29; *Northern Pacific Railway Co.* v. *Babcock,* 154 id. 190; *Higgins* v. *Central New England Railway Co.* 155 Mass. 176; *Walsh* v. *New England Railway Co.* 160 id. 176; *Burns* v. *Grand Rapids and Indiana Railway Co.* 113 Ind. 169; *Morris* v. *Chicago, Rock Island and Pacific Railroad Co.* 65 Iowa, 727; *Leonard* v. *Columbia Navigation Co.* 84 N. Y. 48; *Railway Co.* v. *Lewis,* 89 Tenn. 235; *McLeod* v. *Railway Co.* 58 Vt. 726.

It is argued by counsel for appellant an action cannot be maintained in this cause in our courts, for the reason, as alleged, the laws of the two States are materially variant, it being, as counsel insist, against natural justice and the established public policy of this State to hold an employer liable for injuries inflicted upon an employee by a fellow-servant. The principle thus invoked finds support in the opinion rendered by the Supreme Court of Wisconsin in *Anderson* v. *Milwaukee-St. Paul Railroad Co.* 37 Wis. 321, and also in expressions employed in opinions rendered in cases in the courts of England. But such is not the prevailing doctrine in the courts of this country. The Supreme Court of the State of Minnesota, having before it the precise point in the case of *Herrick* v. *Minneapolis and St. Louis Railroad Co.* 31 Minn. 11, gave forcible and clear expression of that which we conceive to be the correct doctrine. In that case the injury was inflicted in the State of Iowa, and was actionable under a statute of that State making railroad corporations liable for damages sustained by an employee in consequence of the negligence of a fellow-servant. The rule of non-liability for injuries caused by a fellow-servant obtained in Minnesota, where the action was brought. The court said: "The statute of another State has, of course, no extra-territorial force, but rights acquired under it will always, in comity, be enforced if not against the public policy

of the laws of the former. In such cases the law of the place where the right was acquired or the liability was incurred will govern as to the *right of action*, while all that pertains merely to the *remedy* will be controlled by the law of the State where the action is brought. And we think the principle is the same whether the right of action be *ex contractu* or *ex delicto*. The defendant admits the general rule to be as thus stated, but contends that as to statutory actions like the present it is subject to the qualification that, to sustain the action, the law of the forum and the law of the place where the right of action accrued must concur in holding that the act done gives a right of action. We admit that some text-writers, notably Rorer on Inter-State Law, seem to lay down this rule, but the authorities cited generally fail to sustain it. * * * But it by no means follows that because the statute of one State differs from the law of another State therefore it would be held contrary to the policy of the laws of the latter State. Every day our courts are enforcing rights under foreign contracts where the *lex loci contractus* and the *lex fori* are altogether different, and yet we construe these contracts and enforce rights under them according to their force and effect under the law of the State where made. To justify a court in refusing to enforce a right of action which accrued under the laws of another State because against the policy of our laws, it must appear that it is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens. If the State of Iowa sees fit to impose this obligation upon those operating railroads within her bounds and to make it a condition of the employment of those who enter their service, we see nothing in such a law repugnant either to good morals or natural justice or prejudicial to the interests of our own citizens."

The same question engaged the attention of the Supreme Court of the State of Massachusetts in *Walch* v.

*New York and New England Railroad Co.* 160 Mass. 571, and it was said: "If, however, we assume, as was ruled and as we do assume, that if the accident had happened in this State the plaintiff could not have recovered, it is argued he cannot recover now. As between the States of this Union, when a transitory cause of action has vested in one of them under the common law as there understood and administered, the mere existence of a slight variance of view in the forum resorted to, not amounting to a fundamental difference of policy, should not prevent an enforcement of the obligation admitted to have arisen by the law which governed the conduct of the parties."

In *Northern Pacific Railway Co.* v. *Babcock*, 154 U. S. 190, the observations of the Supreme Court of the State of Minnesota in *Herrick* v. *Minneapolis and St. Louis Railroad Co. supra*, were quoted with approval and the principles of that case applied; and in *Boston M. Railroad Co.* v. *Duffy*, 79 Fed. Rep. 934, it was ruled the responsibility of the master for the act of a fellow-servant is governed by the law of the place where the cause of action arose.

In *Railway Co.* v. *Lewis, supra*, the suit was brought in Tennessee to recover damages for injuries received by an employee in the State of Georgia. The trial court charged the jury that the plaintiff could recover though guilty of contributory negligence. Such was the law of Tennessee, the place of the forum. The rule in the State of Georgia, the place where the injury was received, precluded recovery if the neglect of the person injured contributed to his injury. The court held the law of the State of Georgia controlled, and that the rule in the State of Tennessee, where the case was being tried, was not applicable to the case.

The Supreme Court of the State of Indiana has declared the statute in question to be constitutional and valid. (*Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* v. *Montgomery*, 49 N. E. Rep. 582.) The right of action

accrued and became complete in that State. In this State the doctrine of *respondeat superior* does not apply to a case where an employee is injured or killed by the neglect of a fellow-servant, but the doctrine of *respondeat superior* is, in general, recognized in the jurisprudence of this State, and we perceive no ground warranting us to declare the enforcement of the doctrine as enlarged or extended by the Indiana statute must be regarded as so repugnant to good morals or natural justice, or so prejudicial to the best interests of our people, that we should shut the doors of our courts against a suitor who seeks to enforce a right of action which arose under the statute of the sister State.

What has been said disposes of all objections to the action of the court in giving, refusing and modifying instructions to the jury, except the complaint as to one instruction given for the appellee, relative to the liability of the company in the event they should find the trains collided because of the negligence of the conductor of the freight train. The criticism made upon this instruction is, there was no evidence to support it. We think the objection is not well grounded. The testimony of the engineer of the freight train, which was proceeding northward, tended to show he was induced to refrain from putting the train upon the side-track at the stations of Atherton and Lyford by a remark, in the nature of directions, made to him by the conductor at Otter Creek Junction. It further appeared the conductor was riding in the cab of the engine of the freight train when that train ran past the side-tracks at Atherton and Lyford. The trains collided five hundred feet north of Lyford. The freight train should have been placed on the side-track at Atherton or at Lyford, and this the conductor knew or would have known had he kept his orders in mind and noted the fact his train was moving on the time of the passenger train, which was coming south.

No other errors are assigned, and the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*