## SOUTH CAROLINA & GA. R. R. CO. *v.* THURMAN.

1. When an action by an employee against a railroad company, to recover damages for a personal injury inflicted by the company through its agents while he was in its employ, is tried in a different State from that in which the contract of employment was made and in which the injury was received, the right of the plaintiff to recover, and the rule as to what conduct on his part shall or shall not constitute a defense to the action, are governed by the lex loci and not by the lex fori.

(a) Under the constitution of the State of South Carolina, "knowledge by any employee injured, of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them." Therefore, on the trial of a suit in the courts of this State, instituted by a coupler or brakeman against a railroad company, to recover damages

for an injury sustained by him while in its service in the State of South Carolina, alleged to have been occasioned because of its negligence in furnishing him with unsafe and defective machinery, it was not error for the court to give in charge to the jury the above-quoted portion of the fundamental law of South. Carolina on the subject.

2. The charge of the court fully and fairly covered the issues in the case, and if there was any error at all in omitting to charge any of the requests presented by counsel for the defendant, such error was immaterial and harmless. The verdict was not without evidence to support it, and accordingly this court will not interfere with the discretion of the trial judge refusing to grant a new trial.

Argued February 4, — Decided March 16, 1899.

Action for damages. Before Judge Eve. City court of Richmond county. August 17, 1898.

*Joseph B. & Bryan Cumming*, for plaintiff in error.
*Boykin Wright*, contra.

LEWIS, J. Suit was brought by John J. Thurman against the South Carolina and Georgia Railroad Company, a corporation chartered both under the laws of South Carolina and of this State, for a personal injury he received while in its service in the capacity of brakeman and car-coupler in the company's yard at Hamburg, S. C. The action was instituted in the superior court of Richmond county, where the company had its principal office in this State. It appears that the petitioner received personal injuries while undertaking to couple an engine to a caboose, the particular work to which he had been assigned then being to couple this engine to cars that were being switched in the company's yard. The principal, if not the only ground of negligence relied on for a recovery was the failure of the company to furnish a proper engine for the purposes of this work, it being alleged that the particular engine in question was unfit and not properly equipped for switching and drilling cars in the yard, in that it had no drawbar attached to the bumper of the tender, no step on the rear or rod for holding by, and too short a bumper, thus causing the tender or rear of the engine, when it came in contact with the caboose, to leave no sufficient space to accommodate the human frame or to prevent the body from being mashed and crushed between the tender and the caboose. There was testi-

mony tending to show that while this engine might have been properly used upon the main line of the railroad, it was not, on account of its short bumper, adapted to the service of switch-ing and drilling cars and making up trains in the yard; that the plaintiff was engaged in this work for the first time with this particular engine, at night; had succeeded in coupling one car with it before he was injured, but on account of its be-ing night and the celerity with which he was required to dis-charge his duties, he did not observe its condition until after he was hurt, and did not know it was unsafe or defective. On the other hand, there was testimony going to sustain the com-pany's contention that such an engine was often used for this particular purpose, and could have been used, in the exercise of due caution, with perfect safety; and that the plaintiff did know the character of the engine with which he was operating before he received his injury.

Error is assigned, in the motion for a new trial, upon the following charge of the court: "Under the law of South Caro-lina, knowledge on the part of the plaintiff that the machinery was defective, or not suited for the purposes intended, will not be a bar to recovery by plaintiff, if the injuries received were the result of the negligence of the defendant." There was no dispute as to what was the law of South Carolina bearing upon this subject. Attached as an exhibit to the plaintiff's petition was a copy of sec. 15, art. 9 of the constitution of that State, which contains the provision quoted in the first headnote. There can be no question as to the soundness of the principle announced in that headnote, regarded as a general rule of law. It is true that the courts of one State enforce the laws of an-other as a matter of comity merely, and that the exercise of this comity may be limited by the policy of any particular State where the laws of a foreign jurisdiction are sought to be enforced; and, in this connection, it is suggested by counsel for the company that it is contrary to the declared policy of Georgia that a railroad employee should recover for injuries received in the use by him of defective machinery, when he knew of its dangerous condition but nevertheless voluntarily subjected himself to the hazard of using the same. We do not,

however, see anything in the South Carolina rule which is so repugnant to any declared policy of this State as would justify its courts in ignoring the constitutional provision of our sister State bearing upon the subject under discussion. This particular point was considered by the Supreme Court of the United States in the case of Northern Pacific Railroad Company v. Babcock, 154 U. S. 190. It appeared in that case that suit was instituted in the State of Minnesota against a railroad company for a personal injury which occurred in the State of Montana; and the law of the latter State was applied to the case, for the reason that, while the action was brought in a Minnesota court, the contract of employment between the company and its servant was made in Montana and he was injured in that State. In the opinion delivered by Mr. Justice White, he cites approvingly the decision in the case of Herrick v. Minneapolis & St. Louis Railway Company, reported in 31 Minn. 11, wherein it was held that: "To justify a court in refusing to enforce a right of action which accrued under the laws of another State, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interest of our own citizens."

It is insisted, however, that while the law of South Carolina was correctly stated in the charge complained of, the provision in question merely furnishes a rule of evidence; that the rules of evidence applicable to the trial of a case are those of the forum in which the case is tried; and accordingly, the Georgia law of evidence on this point should have controlled, the South Carolina rule being contrary thereto. It is true that under the laws of this State, when a servant uses a dangerous machine, knowing it to be dangerous, he can not recover for an injury caused by its defective condition. It is contended that this principle in our law raises a presumption, more or less conclusive, of negligence. We do not think, however, this principle has any reference to rules of evidence at all. It is simply declaratory of the doctrine, which has in this State been accepted as sound, that the use by an employee of dangerous machinery, with full knowledge of its condition, constitutes such negligence

as will defeat a recovery against his master. The law of South Carolina does not undertake to declare that such conduct on the part of a servant will not amount to presumptive evidence of negligence; but provides, in effect, that notwithstanding such negligence on the part of an employee, he shall nevertheless be entitled to recover, provided his injury was directly traceable to neglect on the master's part to properly guard his safety. In other words, the constitutional provision of South Carolina relates, not to a remedy nor to any particular rule of evidence governing parties in the introduction of evidence, but to a substantial right thereby sought to be preserved. Its effect is to declare that what would, at common law or under the laws of other States, constitute a complete defense to an action by an employee, shall not relieve a master from liability in the State of South Carolina. It gives to the employee a cause of action which he could not otherwise assert. A declaration filed in the courts of that State, though it might admit the plaintiff used dangerous machinery with full knowledge of its condition, would not be demurrable on this account; whereas, such a petition filed in the courts of this State would be clearly demurrable, if alleging a cause of action arising in Georgia, for the simple reason that, tested by our laws, it would show upon its face that the plaintiff had no legal cause of complaint against the defendant.

In the case of *Richmond & Danville Railroad Co.* v. *Mitchell,* 95 *Ga.* 79, it appeared that the plaintiff, while an employee of a railroad company, was injured by a locomotive of the defendant in the State of Alabama, and that under the laws of that State the company was liable to answer in damages for personal injuries received by an employee in the service or business of the employer, when such injuries were caused "by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business" of the employer. The testimony in that case tended to show that the defendant, at the place where the plaintiff was injured, had allowed its track to become so full of coal and coke as to render it obviously "dangerous for men to switch around at night," and that the injuries complained of were attributable to these

obstructions on the track. The law of Alabama was applied as the rule governing the rights of the parties in that case, and it was accordingly held that the verdict in the plaintiff's favor was not unwarranted. Our conclusion therefore is, that in the present case the South Carolina rule was properly applied. It was, of course, notwithstanding the constitutional provision of that State that knowledge by an employee of a dangerous condition of machinery will not defeat a recovery by him for injuries received by reason of its use, proper for the jury to consider the fact (if proved) that the plaintiff was aware of the defective condition of the engine causing his injuries, with a view to determining whether or not he exercised due care under the peculiar circumstances that surrounded him. This principle was, however, fully covered by the charge of the court, as will appear from the following extract therefrom : "It was the plaintiff's duty to know whether there was anything in the construction of the tender and cab requiring more care than was required in an ordinary case of coupling, if he had a reasonable opportunity to discover the fact; provided these things were open and obvious, and not hidden. If he had such knowledge, or ought to have had it, as just stated, then you will consider the existence of such knowledge in ascertaining whether he exercised the care which an ordinarily prudent man would exercise under the circumstances. If he did not, he can not recover."

2. In several of the grounds of the motion for a new trial complaint is made of the refusal of the court to charge certain written requests ; and exception is also taken to various portions of the charge as given, relating to matters not specifically dealt with above. We do not think there is sufficient merit in any of these exceptions, however, to demand special attention or discussion in this opinion. After carefully considering the same in connection with the entire charge, we have concluded that none of them are well founded, as the instructions given to the jury fully, fairly, and comprehensively covered all the issues involved in the trial. It follows that, the verdict not being without evidence to support it, there was no abuse of discretion by the judge in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*