# Wabash Railroad Company *v.* Hassett, Administratrix.

[No. 21,001. Filed February 19, 1908. Rehearing denied May 13, 1908.]

1. NEGLIGENCE.—*Action for Death Caused by.*—*Common Law.*—At the common law an action did not lie for death caused by another's negligence. p. 375.

2. PLEADING.—*Complaint.*—*Negligence.*—*Foreign State.*—*Laws Prevailing.*—*Presumptions.*—The common law is presumed to be in force in a foreign state, where no statute is pleaded. p. 375.

3. PLEADING.—*Complaint.—Negligence.—Death.—Foreign State.—Statutes.*—A complaint for damages caused by defendant's negligent killing of plaintiff's decedent, in a sister state, must allege a statute of such state giving a right of action for negligence causing death. p. 375.

4. MASTER AND SERVANT.—*Fellow Servants.—Engineers.—Conductors.*—At the common law, the conductor of one freight-train and the locomotive engineer of another train are fellow servants, and no action lies against the company on behalf of such conductor who was killed by such engineer's negligence. p. 375.

5. PLEADING.—*Complaint.—Negligence.—Foreign States.—Common Law.*—A complaint for damages resulting from the death of a conductor, which was caused by the negligence of an engineer of another train, the negligence occurring in Illinois, must show, in the absence of a governing statute, that the common law of Illinois permits a recovery under such circumstances. p. 376.

6. SAME.—*Complaint.—Negligence.—Foreign Law.—How Alleged.*—A complaint alleging "that by the common law of the State of Illinois," the employe whose negligence caused the injury was not a fellow servant of the one injured, is insufficient, being merely a conclusion. p. 376.

7. SAME.—*Complaint.—Railroads.—Rules.—How Alleged.*—A complaint alleging that "by the rules" of the railroad company, certain duties were imposed, without setting out the rules themselves, is insufficient, such allegations being mere conclusions. p. 378.

8. SAME.—*Complaint.—Railroads.—Duties.—How Alleged.*—An allegation, in an action against a railroad company, that it was the duty of its servants to do certain things, is insufficient, the facts from which the duty flows being necessary. p. 379.

9. ACTION.—*Negligence.—Railroads.—Injuries in Sister State.—Foreign Statutes.—Comity.*—Courts of this State have jurisdiction to try cases of negligence occurring in Illinois, though an Illinois statute forbids the courts of that state from trying a case of negligence resulting in death, and happening in another state. p. 379.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Catherine A. Hassett, as administratrix of the estate of Martin Hassett, deceased, against the Wabash Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Stuart, Hammond & Simms* and *Bailey & Cole,* for appellant.

*Cox & Andrews,* for appellee.

MONTGOMERY, J.—Appellee, as administratrix of the estate of Martin Hassett, deceased, recovered a judgment of $6,500 against appellant for the wrongful death of said decedent, while in its employ. The cause was tried upon two paragraphs of complaint, and the sufficiency of these paragraphs is the first question presented for our decision.

The second paragraph of amended complaint averred the appointment of appellee as such administratrix by the Miami Circuit Court; that appellant is a corporation operating a line of railroad through the states of Indiana and Illinois; that on October 13, 1905, decedent was in appellant's employ as conductor of an extra freight-train in service at Newell, Illinois, and, having completed his day's work at about 6:10 o'clock p. m., was en route to the roundhouse at Tilton, Illinois, for the night; that an extra freight-train on the Cairo division of the "Big Four" had on said day been made up in the yards of the Wabash Railroad Company, and at 6 o'clock p. m. started for Mt. Carmel, pulled by engine No. 444, in charge of George Maloney, fifteen minutes ahead of an extra work-train, and pulling slowly up the hill toward Tilton, stopped one-half mile east of the yard office to cross over and take the Big Four tracks which began at that point; that appellant's engine, No. 825, had been switching in the Danville yards, and was following said freight-train up the hill, on the way to the Tilton roundhouse for the night, and was then and there in charge and control of a foreman named Crabill, in appellant's employ; that decedent's work-train was following about five minutes after engine No. 825; that upon signal Crabill stopped said engine near the caboose of the extra freight-train; that engine No. 825 was a big freighter, was not protected by lights, had no light on the back of the tank, and its bulk hid the signal lights on the caboose of said extra freight; that engine No. 835 was backing tank first and pulling decedent's extra work-train, with the caboose next to the engine, followed by other cars; that engine No. 835

collided with engine No. 825, which collision was caused by
the negligence of said engine foreman Crabill, in failing to
display proper lights on the tank of his engine; that the
decedent was standing on the platform of his caboose at the
time of the collision, and was thereby fatally injured, from
which injuries he died October 14, 1905, at Danville, Illi-
nois; that by the rules of appellant company all switch-
engines were required to have a foreman in charge when
engaged in switching, and when going to and from the
roundhouse, and no switch-engine was permitted to run
upon appellant's tracks in yard limits or elsewhere with-
out a headlight upon either end, at any hour of the day
when the absence of light made it necessary to have head-
lights to protect such engine; that said Crabill carelessly
and negligently ran and directed said engine without hav-
ing the same properly protected by a headlight on the
tank, or other lights which could be distinguished by the
engineer of the approaching train; that said collision and
the death of appellee's intestate were caused directly by
the negligence of said Crabill in running and directing
said switch-engine without having the same properly pro-
tected by headlight or other lights upon the tank, and
that the decedent had no means of knowing, and did not
know, that engine No. 825 was upon the track in front of
his train, or that there was or would be any obstruction in
the way of his train.   The complaint sets out in full an
act of the legislature of the state of Illinois, in full force
and effect October 13 and 14, 1905, giving a right of action
for death caused by the wrongful act, neglect or default of
another, which, in substance, is the same as the statute of
this State (§285 Burns 1908, Acts 1899, p. 405), but con-
cludes in these words: ''Provided further, that no action
shall be brought or prosecuted in this state to recover
damages for a death occurring outside of the state,'' etc.
The complaint further alleges: ''That, by the common law
of the state of Illinois, on October 13, 14, 1905, employes of

railroad corporations operating lines of railroad in said state were fellow servants only where such employes were brought together in direct coöperation in the performance of a particular work, and were directly coöperating with each other in a particular work at the time, or in cases where their usual duties brought them into habitual association which was sufficiently personal to furnish the same opportunity and power to exercise an influence upon each other promotive of a proper caution upon the part of such employes, as in case where they were directly coöperating in a particular work;'' that the decedent, in the performance of his work as such conductor, was not brought in direct coöperation with said engine foreman Crabill, and at the time of the collision the decedent and Crabill were not directly coöperating in the performance of any particular work, and they were not by their usual duties brought into habitual association where such association was sufficiently personal to furnish the same opportunity and power to exercise an influence upon each other and induce caution upon the part of each, as in case where they were brought together in direct coöperation in the performance of a particular work and were directly coöperating in a particular work, and they were not fellow servants; that the decedent was twenty-nine years of age, in good health, vigorous and active, and at the time of his death able to earn $100 per month, and had a wife and children dependent upon him.

The fourth paragraph of the amended complaint contains the same general facts, and avers specially that Maloney was in appellant's employ as engineer and Crabill as engine foreman, and that by reason of a curve in the track it became and was their duty, under the rules of appellant then in force, to send out a flagman with stop signal to a sufficient distance to insure full protection, and said flagman by proper signals should have flagged an approaching train, or placed two torpedoes on the rail of the track to

Wabash R. Co. *v.* Hassett—170 Ind. 370.

warn such train of the position of said engine No. 825; but that said engineer and foreman neglected and failed to give any stop signal to decedent's train, and by reason of their negligence in that respect the collision occurred.

No action would lie at common law for damages resulting from the death of a human being caused by the negligence or wrongful act of another. *Long* v. *Morrison* (1860), 14 Ind. 595, 77 Am. Dec. 72; *Gann* v. *Worman* (1880), 69 Ind. 458; *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169; *Jackson* v. *Pittsburgh, etc., R. Co.* (1895), 140 Ind. 241, 49 Am. St. 192; *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; 13 Cyc. Law and Proc., 310, and cases cited.

The injury and death for which this action was brought occurred in Illinois, where the common law is presumed to prevail. Our statute (§285, *supra*), conferring a right of action for death by wrongful act, has no extraterritorial force, and it was necessary that appellee, as the basis of her complaint, plead a statute of that state creating a right of action for death caused by negligence. *Baltimore, etc., R. Co.* v. *Jones* (1902), 158 Ind. 87; *Baltimore, etc., R. Co.* v. *Reed* (1902), 158 Ind. 25, 56 L. R. A. 468, 92 Am. St. 293; *Jackson* v. *Pittsburgh, etc., R. Co.* (1895), 140 Ind. 241; *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 10 Am. St. 67; *Burns* v. *Grand Rapids, etc., R. Co., supra.*

Each paragraph of the complaint in this case, as already shown, sets forth a statute of Illinois, in substance the same as the statute of this State upon that subject. The second paragraph alleged that while acting as conductor upon a freight-train the decedent was killed by the negligence of an engine foreman operating an engine upon the same track. The fourth paragraph alleged that while acting as such conductor, decedent was killed by the negligence of an engineer and the foreman of an engine, operating engines upon the same track. Under the common

law as declared and administered in this State the decedent and said engineer and foreman were fellow servants, and no action could be maintained for a death caused by the negligence of such fellow servants. *Dill* v. *Marmon* (1905), 164 Ind. 507, 69 L. R. A. 163; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460; *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280; *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792; *Robertson* v. *Chicago, etc., R. Co.* (1896), 146 Ind. 486; *Evansville, etc., R. Co.* v. *Tohill* (1895), 143 Ind. 49; *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 17 L. R. A. 811; *Spencer* v. *Ohio, etc., R. Co.* (1892), 130 Ind. 181; *Capper* v. *Louisville, etc., R. Co.* (1885), 103 Ind. 305; *Gormley* v. *Ohio, etc., R. Co.* (1880), 72 Ind. 31.

If under the unwritten or common law of Illinois the decedent and those to whose negligence his death is attributed were not fellow servants, it became necessary to plead such law as a fact, in order to make a good complaint. Such foreign law, as in case of any other fact, must be pleaded with such distinctness that the court may judge of its effect. 9 Ency. Pl. and Pr., 543.

Appellant's counsel insist that demurrers to each paragraph of complaint should have been sustained, for the reason that instead of alleging directly and positively what the common law of Illinois is with reference to fellow servants, merely the conclusion of the pleader is stated. The allegation so challenged is as follows: "That, by the common law of the state of Illinois, on October 13, 14, 1905, employees of railroad corporations operating lines of railroad in such state were fellow servants only where such employees were brought together in direct coöperation in the performance of a particular work, and were directly coöperating with each other in a particular work at the time," etc. There is manifestly no declaration as to what the common law of Illinois was upon the dates named; but, without setting out

the substance of such law with regard to fellow servants, the pleader has interpreted and construed it for himself, and merely alleges his conclusion as to its legal effect. This allegation is clearly insufficient as against a demurrer for want of facts.

In the case of *Midland Steel Co.* v. *Citizens Nat. Bank* (1904), 34 Ind. App. 107, 112, the following allegation as to the common law of another state was held to be sufficient: " 'That at the time said note was executed as aforesaid, and at the time it was indorsed and taken by this plaintiff as aforesaid, and for many years prior thereto, and up to the present time, it was and is the common and unwritten law of the state of Pennsylvania,' " etc. In *Crandall* v. *Great Northern R. Co.* (1901), 83 Minn. 190, 86 N. W. 10, 85 Am. St. 458, it was alleged that, at the time the injury occurred, "it was the law of North Dakota that," etc., and the allegation was held sufficient. On the other hand, in the case of *Phinney* v. *Phinney* (1859), 17 How. Pr. 197, an allegation, that "under the laws of Spain" a person became seized of a certain estate, was held insufficient. The court in this connection said: "This kind of statement involves a mere conclusion or inference, in which the plaintiff, it will readily be seen, may be greatly mistaken. They, in effect, express an opinion of the law, and ask the court blindly to adopt it, without giving the court necessary materials to test its correctness. Foreign laws as well as private wills are mere facts, and, like other facts, must be set forth and proved. It is for the court, and not the parties, to determine their legal effect when produced." See, also, *Rothschild* v. *Rio Grande, etc., R. Co.* (1891), 13 N. Y. Supp. 361, 59 Hun 454. In *Templeton* v. *Sharp* (1889), 10 Ky. Law 499, 9 S. W. 696, the allegation, that, "according to the law" of California, was held to be but the statement of a legal conclusion, and gave merely the opinion of the pleader. The supreme court of New Jersey said, of an attempt to plead a foreign statute, that "the

averment pursuant to the statute without setting forth the substance of the statute is insufficient." *Salt Lake City Nat. Bank* v. *Henrickson* (1878), 40 N. J. L. 52. An allegation, that "any contract for a greater sum as attorney's fees is by the law of said state of Kentucky illegal and void," was held to be the pleader's conclusion as to what the statute of Kentucky provides in the respect named, without giving the law in terms or in substance. See, also, *Thomas* v. *Grand Trunk R. Co.* (1899), 1 Pennewill (Del.) 593, 42 Atl. 987; *Riendeau* v. *Vieu* (1892), 21 N. Y. Supp. 501; *Kinnier* v. *Kinnier* (1871), 45 N. Y. 535, 6 Am. Rep. 132; *Roots* v. *Merriwether* (1871), 8 Bush (Ky.) 397.

The allegations of each paragraph of the complaint, that "by the rules" of appellant company certain things were required to be done and certain duties were imposed,

7.   without pleading the rules themselves, either in substance or in full, are subject to the criticisms of appellants' counsel, and embody merely the conclusions of the pleader. It is an elementary principle that, in pleading, facts must be positively averred and not set out by way of recital, inference or conclusion. *Chicago, etc., R. Co.* v. *Lain* (1908), *ante*, 84; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670; *Southern R. Co.* v. *Elliott* (1908), *ante*, 273; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658; *Malott* v. *Sample* (1905), 164 Ind. 645; *Robertson* v. *Ford* (1905), 164 Ind. 538; *Shafor* v. *Fry* (1905), 164 Ind. 315; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Weir* v. *State, ex rel.* (1903), 161 Ind. 435; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 8 L. R. A. 636; *State, ex rel.,* v. *Casteel* (1887), 110 Ind.

174; *McNaughton* v. *City of Elkhart* (1882), 85 Ind. 384: *Jackson School Tp.* v. *Farlow* (1881), 75 Ind. 118.

The general averments of the fourth paragraph of the complaint, that it was the duty of the engineer, foreman and flagman to do certain things, are insufficient for like reasons and upon the same authorities. The facts from which the court can say a particular duty arises should be alleged. Other allegations of the complaint are criticised for similar infirmities, all of which may readily be cured by amendment.

Appellant's learned counsel insist, however, that this suit cannot be maintained in Indiana, because the statute of Illinois, creating the right of action, provides "that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of the state." It is argued that jurisdiction of a cause of action arising under the statute of one state is sustained by the courts of another only upon the ground of comity or reciprocity, and, since the courts of Illinois cannot entertain a similar cause of action arising under the statute of this state, the requisite reciprocity is wanting and jurisdiction of our courts over this action must fail. The cases cited which seemingly support this doctrine are: *Baltimore, etc., R. Co.* v. *Chambers* (1905), 73 Ohio St. 16, 76 N. E. 91; *Wabash R. Co.* v. *Fox* (1901), 64 Ohio St. 133, 59 N. E. 888, 83 Am. St. 739.

These Ohio decisions were based upon a statute permitting actions for death occasioned by a wrongful act in another state to be enforced there only where such other state allowed the statutes of Ohio of a like character to be enforced in its courts. The reciprocity policy of Ohio was thus embodied in a positive statute. The English rule is to the same effect. 22 Am. and Eng. Ency. Law (2d ed.), 1379.

The doctrine of reciprocity is a fair and reasonable principle to govern the conduct of independent nations in affording relief to aliens through their courts. The people

of the United States comprise one nation, banded together, among other reasons, to "establish justice" and "to promote the general welfare." Each state may undoubtedly limit the jurisdiction of its courts, and formulate its local policy; but, in the absence of a state policy, declared and restricted by statute, the rule contended for is too narrow and illiberal to meet our approval. The statutes of a state have no extraterritorial force, but they are effective within the state enacting them, and, if they create a valid right of action there, such liability may be recognized and enforced elsewhere upon proper complaint and proof. Civil rights, whether founded upon statutes or the common law, are not local, and actions to recover damages for the violation of such rights are transitory, and not confined to the state where the cause of action accrued. The circuit courts of this State are courts of general jurisdiction, and unquestionably have jurisdiction over the subject-matter of transitory actions. The jurisdiction or power of the court to afford a remedy for a legal liability is not dependent upon the question whether the right to be enforced is of statutory or of common-law origin. If a liability has been incurred, and a right of action therefor has accrued, such action may ordinarily be prosecuted in any court which has jurisdiction of such matters and can obtain jurisdiction over the parties. If the legislature, as it might have done, had spoken against the enforcement of foreign causes of action like this, the courts would readily obey its mandate. The policy of Illinois in this respect is embodied in a prohibitory statute. Conditions may exist within that state which do not obtain here, making such policy expedient. The right of action herein asserted is founded wholly upon the statute of Illinois, and in nowise upon that of this State relating to the same subject. Our statute is important only as it manifests the general policy of this State toward such legislation; and the circumstance that the courts of Illinois are not permitted to entertain a suit based upon a foreign

statute to recover damages for death by wrongful act cannot affect the jurisdiction of our courts or control the policy of this State, and of itself will not impel our courts to adopt retaliatory procedure. The failure and injustice of the common law to afford redress for a negligent injury resulting in death is recognized by the enactment of our statute creating a right of action for the benefit of the widow and next of kin. The policy of Indiana, so far as outlined or expressed by the legislature, is favorable to remedial legislation of this character. If a legal liability exists, a justice-loving people should be inclined to afford a remedy within their power, and we find nothing, either upon the ground of adverse interests or public policy, to preclude the courts of this State from entertaining jurisdiction of this action. In reaching this conclusion we approve the modern and generally accepted doctrine, that, to justify our courts in refusing to enforce a right of action accruing under the laws of another state as against the policy of this State, the prosecution of such action must appear to be against good morals or natural justice or prejudicial to the general interests of the citizens of this State. *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169; *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 10 Am. St. 67; *Chicago, etc., R. Co.* v. *Rouse* (1899), 178 Ill. 132, 52 N. E. 951, 44 L. R. A. 410; *Rick* v. *Saginaw Bay Towing Co.* (1903), 132 Mich. 237, 93 N. W. 632, 102 Am. St. 422; *South Carolina, etc., R. Co.* v. *Thurman* (1898), 106 Ga. 804, 32 S. E. 863; *Dennis* v. *Atlantic, etc., R. Co.* (1903), 70 S. C. 254, 49 S. E. 869, 106 Am. St. 746; *Stewart* v. *Baltimore, etc., R. Co.* (1897), 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; *Texas, etc., R. Co.* v. *Cox* (1892), 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; *Minneapolis, etc., R. Co.* v. *Herrick* (1888), 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. Ed. 109; *Dennick* v. *Central R. Co., etc.* (1880), 103 U. S. 11, 26 L. Ed. 439; *Walsh* v. *New York, etc., R. Co.* (1894), 160 Mass. 571, 36 N. E. 584, 39 Am. St. 514; *Negaubauer*

v. *Great Northern R. Co.* (1904), 92 Minn. 184, 99 N. W. 620, 104 Am. St. 674; *Njus* v. *Chicago, etc., R. Co.* (1891), 47 Minn. 92, 49 N. W. 527; *Herrick* v. *Minneapolis, etc., R. Co.* (1883), 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; *Eingartner* v. *Illinois Steel Co.* (1896), 94 Wis. 70, 68 N. W. 664, 34 L. R.·A. 503, 59 Am. St. 859; *Bain* v. *Northern Pac. R. Co.* (1904), 120 Wis. 412, 98 N. W. 241; *Bergman* v. *Inman* (1903), 43 Ore. 456, 72 Pac. 1086, 73 Pac. 341, 99 Am. St. 771; 22 Am. and Eng. Ency. Law (2d ed.), 1380; 13 Cyc. Law and Proc., 315, note 15. Appellant's demurrer to the amended second and fourth paragraphs of the complaint should have been sustained for the reasons stated.

The judgment is reversed with directions to sustain appellant's demurrer to the amended second and fourth paragraphs of complaint, and to grant appellee leave to amend.