**HUBBARD MANUFACTURING CO., INC., Defendant-Appellant,**

v.

**Elizabeth GREESON, as Administratrix of the Estate of Donald F. Greeson, Deceased, Plaintiff-Appellee.**

**No. 1–585A112.**

Court of Appeals of Indiana, First District.

Jan. 14, 1986.

Rehearing Denied Feb. 24, 1986.

Peter G. Tamulonis, Donald L. Dawson, Kightlinger Young Gray & DeTrude, Indianapolis, for defendant-appellant.

C. Warren Holland, Michael W. Holland, Holland & Tabor, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant, Hubbard Manufacturing Co., Inc., appeals an interlocutory order of the Randolph Circuit Court, pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(6)(c), which determined that Illinois law would be applied to the substantive issues of appellee's wrongful death action. We affirm.

## FACTS

Appellee's decedent, Donald F. Greeson, was an Indiana resident employed by a Pennsylvania firm, Asplundh Tree Expert Company. Hubbard Manufacturing Co., Inc., an Indiana corporation, built lift units specifically for Asplundh's use in cleaning, repairing, and replacing streetlights. Apparently, Hubbard also attached these lift units to truck frames supplied by Asplundh.

At the time of his death, on October 29, 1979, Greeson was maintaining certain streetlights in Illinois pursuant to a contract Asplundh had obtained there. The lift unit on which Greeson was killed was manufactured by Hubbard in Indiana. However, it was licensed and housed in Illinois at the time of the accident.

On October 22, 1981, the administratrix of Greeson's estate filed a wrongful death action in the Randolph Circuit Court. Pursuant to a motion filed by Hubbard, the trial court determined that Indiana's choice of law rule applicable in these circumstances was *lex loci delicti.* Consequently, the court held that Illinois law would govern the substantive issues raised by the complaint. The trial court subsequently granted Hubbard's Motion to Certify for Interlocutory Appeal. On June 3, 1985, this court accepted jurisdiction of Hubbard's interlocutory appeal. We now proceed to consider the merits of this appeal.

## ISSUE

Whether Indiana courts continue to apply the traditional doctrine of *lex loci delicti* to tort actions.

## DISCUSSION AND DECISION

The traditional choice of law rule applicable in tort actions is *lex loci delicti.* 16 Am.Jur.2d *Conflicts of law* section 99 (1979). Literally translated, this phrase means the law of the place where the wrong occurred. Black's Law Dictionary 820 (5th ed. 1979). When this doctrine is applied, the law of the place where the allegedly tortious conduct occurred governs all matters going to the basis of the

right of action or affecting substantive rights of the parties. 16 Am.Jur.2d at sec. 99.

■ Although many states have adopted a more flexible modern choice of law approach in these cases, Indiana has not.[1] *See* 16 Am.Jur.2d at sec. 102. As the trial court properly concluded, for suits based on tort principles, the applicable choice of law rule in Indiana remains *lex loci delicti. Louisville & N.R. Co. v. Revlett* (1946), 224 Ind. 313, 321, 65 N.E.2d 731, 734; *Wabash Railroad Co. v. Hassett* (1908), 170 Ind. 370, 380, 83 N.E. 705, 709; *Baltimore and Ohio Southwestern Railway Co. v. Reed* (1902), 158 Ind. 25, 30–31, 62 N.E. 488, 490; *Cincinnati, Hamilton and Dayton Railroad Co. v. McMullen* (1889), 117 Ind. 439, 442, 20 N.E. 287, 288; *Burns v. Grand Rapids and Indiana Railroad Co.* (1888), 113 Ind. 169, 171–72, 15 N.E. 230, 231; *Eby v. York-Division, Borg-Warner* (1983), Ind. App., 455 N.E.2d 623, 626; *Snow v. Bayne* (1983), Ind.App., 449 N.E.2d 296, 298, *trans. denied; Lee v. Lincoln National Bank & Trust Co.* (1982), Ind.App., 442 N.E.2d 1147, 1148, *trans. denied; Slinkard v. Babb* (1953), 125 Ind.App. 76, 82, 112 N.E.2d 876, 879, *trans. denied* (1954) 233 Ind. 633, 122 N.E.2d 463. In this case, Greeson was killed in Illinois. Therefore, Illinois law will control all substantive issues which arise during the trial of this cause.[2] *See Maroon;* 16 Am.Jur.2d at sec. 100.

One exception does exist to the *lex loci delicti* doctrine. That exception requires application of the substantive law of the forum state where the law of the place of the wrong is "... against good morals or natural justice or prejudicial to the general interests of the citizens of [the forum state]." *Wabash Railroad Co.,* 170 Ind. at 381, 83 N.E. at 709. *See also Maroon,* at 410–11; 16 Am.Jur.2d at sec. 101. Here, Hubbard argues that the applicable Illinois law is against the public policy of this state and prejudicial to the general interests of its citizens. While we must agree with Hubbard that the Illinois law which will govern this case is significantly different from the law which Indiana would ordinarily apply in these same circumstances, we do not feel that it demands invocation of the exception. That doctrine should be left to its traditionally narrow applications. See *Maroon,* at 412.

The trial court is affirmed and this cause remanded for further proceedings consistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.

---

1. This writer continues to adhere to his belief, as expressed in his concurring opinion to *Maroon v. State* (1980), Ind.App., 411 N.E.2d 404, 417–20, *trans. denied,* that the better rule in these cases is the so-called "modern rule" or "most significant relationship approach" discussed in *Babcock v. Jackson* (1963), 12 N.Y.2d 473, 191 N.E.2d 279, 240 N.Y.S.2d 743, and later adopted by the American Law Institute as Restatement (Second) of Conflict of Laws section 145 (1971). Given the opportunity, our supreme court may likewise adopt the "most significant relationship approach." However, until it does so, this court is bound to apply those legal principles announced by the highest court of this state including the doctrine of *lex loci delicti.*

2. Indiana law will of course govern all procedural matters. *Maroon,* at 410; 16 Am.Jur.2d at sec. 101.