**Debra K. UMBARGER,
Plaintiff-Appellant,**

v.

**Timothy W. BOLBY,
Defendant-Appellee.**

**No. 20A03–8603–CV–82.**

Court of Appeals of Indiana,
Third District.

Aug. 13, 1986.

Catherine M. Rohrs, Matthews-Rohrs &
Associates, South Bend, for plaintiff-appel-
lant.

Arthur A. May, Robert J. Palmer, May,
Oberfill & Lorber, South Bend, for defend-
ant-appellee.

HOFFMAN, Judge.

Pursuant to Ind.Rules of Procedure, Ap-
pellate Rule 4(B)(6) plaintiff-appellant De-
bra Umbarger brings an interlocutory ap-
peal based upon the trial court's ruling on
the choice of law applicable to the present
case. The trial court certified the question
for review.

The facts relevant to the appeal disclose
that Umbarger was a passenger in a car
driven by defendant-appellee Timothy Bol-
by. Bolby, Umbarger and a third person,
who is not a party to the action, drove to
Michigan from Indiana on April 9, 1982.
During the return trip to Indiana, Bolby
drove off of the road and into a tree. Um-
barger, an Indiana resident, sued Bolby,
also an Indiana resident, in an Indiana
court for personal injuries sustained in the
accident.

Umbarger urged the trial court to apply
Michigan law to the case under the *lex loci
delicti* conflict of laws rule, which looks to
the law of the place of the injury. Bolby
argued and the trial court adopted the posi-
tion that the "most significant relation-
ship" test,[1] should govern the choice of law
decision. It is this question which has been
presented for review.

It is noteworthy that both parties and the
trial court below have presented this Court
with excellent discussions of the issue.
However, this Court's decision is dictated
by its role as an intermediate appellate
tribunal and the controlling precedent in
Indiana.

Under the current state of Indiana
law, it is clear that *lex loci delicti* is the
rule which must be employed when deter-
mining the choice of substantive law in tort
cases.
*Wabash R. Co. v. Hassett* (1908), 170 Ind.
370, 83 N.E. 705;

1. The rule is variously referred to as the "domi-
nant contacts" rule and the "center of gravity"

approach as well.

*Hubbard Mfg. Co., Inc. v. Greeson* (1986), Ind.App., 487 N.E.2d 825;

*Snow v. Bayne* (1983), Ind.App., 449 N.E.2d 296;

*Maroon v. State, Dept. of Mental Health* (1980), Ind.App., 411 N.E.2d 404.

In his concurring opinion in *Maroon, supra*, Judge Ratliff extolled the virtues of a significant relationship test. Because our Supreme Court has thus far wisely declined all invitations to adopt this rule, this Court is bound by *lex loci delicti*. Although its opponents argue that it is inflexible, *lex loci delicti* provides consistency and discourages forum shopping.

In its decision the trial court found that even if *lex loci delicti* was the proper rule to resolve the choice of law question, the public policy exception to the rule would be applicable in the present case. The court found that Indiana's guest statute, requiring willful or wanton conduct prior to recovery from a driver by a passenger, was based on public policy which should be preferred over Michigan's law which contained no such limitation.

As noted by the majority opinion in *Maroon, supra*, 411 N.E.2d at 411–412, the exception as announced in *Wabash R., supra*, is invoked when application of the laws of another state would be against good morals or natural justice, or prejudicial to the general interests of the citizens of this state. Given the recent amendment to Indiana's guest statute,[2] IND. CODE § 9–3–3–1, no longer requiring willful or wanton conduct unless the injured passenger is related to the driver or a hitchhiker; invocation of the public policy exception to *lex loci delicti* would not be warranted in the present case. Additionally, this Court in *Maroon, supra*, 411 N.E.2d at 412, specifically noted that the traditional application of the exception has been reserved for cases involving "*inter alia*, gambling contracts, lotteries, and marriages within prohibited limits of consanguinity." Therefore, the exception cannot be applied in the present case.

**2.** Of course, the amended statute was enacted in 1984 after the occurrence in the present case

The cause is remanded to the trial court for further proceedings consistent with this opinion.

STATON, P.J., and GARRARD, J., concur.

and as such is only useful as an indication of Indiana's evolving public policy views.