Jeffrey C. LEE and Robert E. Lee,
Defendants-Appellants,

v.

LINCOLN NATIONAL BANK & TRUST
COMPANY, Administrator of the Estate
of Clarence D. Shaw, Sophie J. Shaw,
Nancy J. Liedtke, and Ralph D. Ormi-
ston, Plaintiffs-Appellees.

No. 3–782A172.

Court of Appeals of Indiana,
Third District.

Dec. 20, 1982.

Rehearing Denied Feb. 3, 1983.

Thomas W. Yoder, Thomas P. Yoder,
Marshall W. Grate, Livingston, Dildine,
Haynie & Yoder, Fort Wayne, for defend-
ants-appellants.

Ronald L. Sowers, Ronald E. James, Sow-
ers & Benson, Fort Wayne, Allen J. Cou-
nard, Counard, Levelighan & Van Hauten,
Southfield, Mich., for plaintiffs-appellees.

HOFFMAN, Presiding Judge.

Appellants Jeffrey and Robert Lee were
involved in an accident with appellees Clar-
ence and Sophie Shaw and Nancy Liedtke
while driving in Allen County, Indiana.
Appellees are residents of Michigan, while
appellants reside in Indiana. Suit was
brought by appellees to recover damages
for personal injury and property loss suf-
fered in the accident.

At trial appellants moved for summary
judgment arguing that Michigan law should
be followed in the suit thus precluding ap-
pellees from bringing a tort action because
of the Michigan "No-Fault" Insurance Act.[1]
This argument raised a troublesome conflict
of law question at trial which was decided
against the appellants. This interlocutory
appeal results.

On appeal the Lees raise several issues:

(1) whether the Michigan No-Fault In-
surance Act is applicable in the case
at bar;

(2) whether appellees have satisfied the
requirements of Michigan law neces-
sary to bring this suit, if the No-Fault
Insurance Act applies;

---

1. Mich.Stat.Ann. §§ 24.13101 *et seq,* [M.C.L.A. §§ 500.3101 et seq.].

(3) whether, under Indiana law, appellees can maintain a wrongful death action for the alleged wrongful death of Clarence Shaw; and

(4) whether under Indiana law Clarence Shaw's administrator is limited in the amount of damages recoverable pursuant to Indiana's Survivor's Statute.

When reviewing a grant of summary judgment, the appellate court has before it the same issues that were before the trial court. A summary judgment will be sustained on review only if:

1) taking as true the facts alleged by the non-moving party and resolving all doubt against the moving party;

2) resolving all reasonable inferences against the moving party; and

3) the pleadings, depositions, answers to interrogatories, and other discovery show that there is no genuine issue as to any material fact.

*Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756; *Boswell v. Lyon* (1980), Ind. App., 401 N.E.2d 735.

Appellants argue that Michigan's No-Fault Insurance Act should be applied in the extant litigation. Under this Michigan act appellees are precluded from bringing a tort action to recover for their personal injuries arising from the accident with the appellants. In support of this argument it is contended by appellants that the Michigan act is extraterritorial. In furtherance of this argument appellants contend that the Michigan act is analogous to Indiana's Workmen's Compensation Statute[2] which is clearly extraterritorial.

 This Court does not construe the Michigan act in the same manner as do appellants. The Michigan act is extraterritorial to the extent that it provides adequate insurance coverage for Michigan insureds who travel in states that do not follow a no-fault insurance scheme. Hence if a Michigan driver strikes an Indiana resident and is sued under Indiana law, the Michigan resident is insured.[3] Likewise a Michigan resident may sue an Indiana resident under Indiana law when struck, such suit not being precluded by the Michigan act.[4]

 The law in this state while being far from clear is not indiscernible. Courts of this state follow the doctrine of *lex loci delicti commissi* when determining conflict of law questions in tort actions. Simply stated, the law of the location of the tort is applicable in a tort action for recovery of damages. *Wabash R. Co. v. Hassett* (1908), 170 Ind. 370, 83 N.E. 705; *Baltimore, etc., R. Co. v. Reed* (1902), 158 Ind. 25, 62 N.E. 488; *Burns, Administrator, v. The Grand Rapids and Indiana Railroad Co.* (1888), 113 Ind. 169, 15 N.E. 230; *Maroon v. State, Dept. of Mental Health* (1980), Ind.App., 411 N.E.2d 404. Thus, in the case at bar since the accident occurred in Indiana, the laws of Indiana shall be applied in this action, and Michigan's No-Fault Insurance Act has no bearing on the litigation. Denial of summary judgment on this issue was therefore correct.

In light of this Court's resolution of appellants' first issue, a determination of their second issue is rendered unnecessary. The last two issues raised by appellants may be combined for efficient review.

As stated above a summary judgment shall be granted only where no material factual issues are present. *Peterson v. Culver Educational Foundation* (1980), Ind. App., 402 N.E.2d 448; *Kline v. Kramer* (1979), Ind.App., 386 N.E.2d 982.

 Appellants contend that the record is devoid of any evidence which might establish that appellee, Clarence Shaw, died as a result of the injuries he received in the May 12 accident. Further, appellants argue that the death certificate is the "*coup de*

---

2. IC 1971, 22–3–2–20 (Burns Code Ed.); *Witherspoon v. Salm, Executor* (1969), 251 Ind. 575, 243 N.E.2d 876; *Carl Hagenbeck, etc., Shows Co. v. Leppert* (1917), 66 Ind.App. 261, 117 N.E. 531.

3. Mich.Stat.Ann. § 24.13131, [M.C.L.A. § 500.-3131].

4. Mich.Stat.Ann. § 24.13116, [M.C.L.A. § 500.-3116].

*grace*" establishing that Shaw died of a pulmonary embolism resulting from his preexisting conditions. While the immediate cause of death may have been a pulmonary embolism, it may have resulted from a steady deterioration of Shaw's preexisting conditions brought on by the injuries received in the accident.

When asked about Shaw's condition before and after the May 12 accident, Dr. Ogden Venn made the following statements in his deposition:

"Q. Is this man's condition getting better or worse? [Based on a physical examination given in April of 1979]

"A. It is stationary at the time."

*Record* at 111.

"Q. Did the tiredness persist after May, '79?

"A. Yes, it was more so.

"Q. Did the shortness of breath persist after May, '79?

"A. Moreso [sic]."

*Record* at 113.

"Q. Those kinds of injuries that you found in Mr. Shaw, for instance, didn't help his other conditions?

\* \* \* \* \* \*

"THE WITNESS: I would say that it aggravated it.

\* \* \* \* \* \*

"Q. Could those injuries aggravate a prior lung condition?

"A. Definitely.

\* \* \* \* \* \*

"Q. In your professional opinion, did the chest injuries and the broken ribs and the hematoma and the pulmonary embolism aggravate a prior condition of hypertension or nervousness?

\* \* \* \* \* \*

"A. Yes, in my opinion it would aggravate it.

\* \* \* \* \* \*

"Q. After the accident in May of 1979, other than what you have just mentioned, did you notice any other significant change in the physical condition or

the symptoms that Mr. Shaw might have had?

"A. My observations were that his whole system just slowed down to nothing until he had no energy and he was trying to sleep all the time. There again, loss of appetite, and he couldn't exert himself at all without complaining about his chest or being short of breath, and he couldn't walk very far. There was a definite change in his whole system.

"Q. In other words, would it be safe to charactize that as rapid deterioration—

\* \* \* \* \* \*

"THE WITNESS: I don't know what the term, 'rapid' would mean, but it lead [sic] to deterioration, certainly."

*Record* at 130–133.

A determination of what was the cause of death in a wrongful death action is a question of fact for the jury. *Buxhoeveden v. B & P Motor Express, Inc.* (7th Cir.1970) 435 F.2d 450. Dr. Venn stated that Shaw's condition deteriorated as a result of the injuries he received in the accident. This deterioration could have led to Shaw's death. Venn's testimony was sufficient to present a material factual issue which should be determined by the jury. *Noblesville Casting Div. of TRW v. Prince* (1982), Ind., 438 N.E.2d 722. Thus, summary judgment was not proper on this issue.

Appellants alternatively contend that Indiana's Survivor's Statute limits the amount of damages that could be awarded in the case at bar. The applicable provision of the Survivor's Statute, IC 1971, 34–1–1–1 (Burns Code Ed.), states:

"Provided, however, That *when a person received personal injuries caused by the wrongful act or omission of another and thereafter dies from causes other than said personal injuries so received,* the personal representative of the person so injured may maintain an action against the wrongdoer to recover damages resulting from such injuries, if the person so injured might have maintained such action, had he or she lived; but Provided, fur-

ther, That the personal representative of said injured person shall be permitted to recover only the reasonable medical, hospital and nursing expense and loss of income of said injured person, resulting from such injury, from the date of the injury to the date of his death." (Emphasis added.)

The statute clearly states that damages are limited only when the decedent dies as a result of injuries or a physical condition other than the injuries received at the hands of the defendant. As stated above cause of death is a fact question for the jury. Thus, summary judgment was properly denied on these grounds. Once the jury determines what the cause of death was, that will determine whether the damages shall be limited by the statute.

For the reasons stated above the trial court is in all things affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.