In re the ESTATE OF Earnest KUBA, by its Executrix, Evelyn C. KUBA, Plaintiff,

v.

RISTOW TRUCKING COMPANY, INC.; Wilmer Ristow, d/b/a Ristow Trucking, Defendants.

No. S 84–401.

United States District Court, N.D. Indiana, South Bend .Division.

May 30, 1986.

---

6. *See supra* note 2.

William B. Balyeat, Lima, Ohio, Sherrill William Colvin, John O. Feighner, Fort Wayne, Ind., for plaintiff.

William F. McNagny, Charles W. McNagny, Fort Wayne, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is a wrongful death case tried under the substantive law of the State of Indiana and based on diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332.

On April 11, 1986 a verdict was returned in favor of the plaintiff in the sum of $250,000.00 and judgment was entered thereon. On April 21, 1986 the plaintiff filed a motion for a new trial or in the alternative a motion to alter or amend judgment and for additur, invoking Rule 59 of the Federal Rules of Civil Procedure.

In general, the guidance for dealing with a motion for new trial in this context has been dealt with recently and extensively by this court in *Foster v. Continental Can Corporation,* 101 F.R.D. 710 (N.D.Ind. 1984) as affirmed in 783 F.2d 731 (7th Cir.1986).

This case was tried vigorously and effectively by very able and experienced counsel and the jury verdict is well within the evidence and the law.

Oral argument was held in open court in South Bend, Indiana on the 15th of May 1986 on this post-verdict motion.

In requesting this court to engage in the process of additur plaintiff's counsel basically reargues the case as he did to the jury in final argument. Although convinced that this court may have the authority to engage in the process of additur it chooses not to do so in this case. The substantive law of Indiana does permit additur. See *Coffel v. Perry,* 452 N.E.2d 1066 (Ind.App. 1983). This court fails to find in the record of this case such abuse of discretion and such a miscarriage of justice to warrant the interference with the normal decisional processes of a civil jury under Amendment VII of the Constitution of the United States.

The only issue meriting more than summary disposition in this case are those relating to the issues raised under *Obremski v. Henderson,* 487 N.E.2d 827 (Ind.App. 1986). It is for that reason and that reason alone that oral argument was granted on the post-trial motion and it for that reason and that reason alone that the court has taken the trouble to engage in independent research and to state the reasons for the denial of the motion for a new trial. At the outset of the discussion it is necessary to give credit to the Honorable Gene B. Lee, United States Magistrate, for much of the judicial spadework that has been done in regard to the implication of *Obremski.* Attached hereto and marked Appendix A is a recently filed decision in S 85–302, *Rys v. Clark,* May 15, 1986, by that magistrate which has greatly influenced the decisional thinking of this court.

The decision of Magistrate in *Rys v. Clark* is extremely helpful in its careful indepth analysis but it does not completely answer the question posed here in this civil wrongful death case.

The court must look to additional Indiana authority and finds the same in *Andis v. Hawkins,* 489 N.E.2d 78 (Ind.App.1986), decided on February 18, 1986 approximately one month *after Obremski.* At page 81 Judge Ratliff, speaking for that Court, stated:

Indiana law is clear that actions for wrongful death are purely statutory in origin. *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N.E.2d 713; *Britt v. Sears* (1971), 150 Ind.App. 487, 277 N.E.2d 20, *trans denied.* Such actions did not exist at common law, but the right is given solely by statute. *Kirkpatrick v. Bowyer* (1960), 131 Ind. App. 86, 169 N.E.2d 409. Since wrongful death actions did not exist at common law, but are purely creatures of statute, the statute creating such right of action must be strictly construed. *Cunningham v. Werntz* (7th Cir.1962), 303 F.2d 612; *Thomas v. Eads* (1980), Ind.App., 400 N.E.2d 778. Thus, only those dam-

ages prescribed by the statute may be recovered. *Huff.* The purpose of the wrongful death statute is not to compensate for some injury to the decedent or to punish someone who has caused a wrongful death. Rather, the purpose is to provide a means whereby the decedent's spouse or dependents may be compensated for the loss which they have sustained by reason of the death. *Mehler v. Bennett* (S.D.Ind.1984), 581 F.Supp. 645.

Pecuniary loss is the foundation of a wrongful death action, and the damages are limited to the pecuniary loss suffered by those for whose benefit the action may be maintained. *Magenheimer v. State ex rel. Dalton* (1950), 120 Ind.App. 128, 90 N.E.2d 813. "Pecuniary loss has been defined as the reasonable expectation of pecuniary benefit from the continued life of the deceased, to be inferred from proof of assistance by way of money, services or other material benefits rendered by the deceased prior to his death." *Lustic v. Hall* (1980 Ind.App.), 403 N.E.2d 1128, 1131, *trans. denied.* Such loss may include the loss to the children of their parent's care, *Thomas v. S.H. Pawley Lumber Co.* (7th Cir.1962), 303 F.2d 604, and the reasonable value of the loss of care, love and affection sustained by the decedent's spouse and the loss of parental training and guidance sustained by the children during their minority. *Richmond Gas Corp. v. Reeves* (1973), 158 Ind.App. 338, 302 N.E.2d 795. But the key is the *pecuniary loss* suffered by those persons whom it is the purpose of the wrongful death statute to benefit.

The wrongful death statute, specifies the elements of damage which may be recovered. Punitive damages are not included. Therefore, we conclude that in an action for wrongful death of an adult brought pursuant to Indiana Code section 34-1-1-2, punitive damages may not be recovered.

In a strict literal sense the damages contemplated in *Obremski* may not be explicitly labeled as punitive although the tone and tenor of that decision dealing with the level of intent necessary to trigger such treble damages speak to the basic reasons for awarding punitive damages. By definition punitive damages are non-compensatory. By basic definition under the reasoning and result in *Obremski* the treble damages are also non-compensatory.

There is much discussion in this case by plaintiff's counsel with regard to pecuniary loss and whether or not the damages contemplated in *Obremski* fall within the ambit of that concept. It is the opinion of this court that the answer under the law of Indiana as it now stands must be in the negative as to that question.

As indicated at the conference on instructions and during the trial of this case this court remains convinced that *Andis v. Hawkins* precludes an award of treble damages under *Obremski.*

Once that decision is made any bases for a new trial or the trebling of the $250,-000.00 verdict in this case or any part thereof is without foundation.

Therefore, the post-trial motion of the plaintiff is now in all things DENIED. IT IS SO ORDERED.

### APPENDIX A

David C. Rys, Plaintiff,

v.

Christine M. Clark, Defendant.

Civil No. S 85–302.

### MEMORANDUM OF DECISION AND ORDER

GENE B. LEE, United States Magistrate.

This matter is before the Court,[1] on plaintiff's March 3, 1986, "Motion for Leave to File Amended Complaint." Defendant filed a memorandum in opposition to that motion on March 13, 1986. The

---

**1.** Jurisdiction of the undersigned Magistrate is based upon 28 U.S.C. § 636(c), both parties con- senting.

plaintiff failed to respond to defendant's memorandum. For the reasons set forth below plaintiff's motion for leave to file an amended complaint will be denied.

## DISCUSSION

The relevant facts need only be recited briefly and are as follows:

This is a diversity action arising out of an automobile collision. Plaintiff is a citizen of the State of Illinois and defendant is a resident of the State of Indiana.

In the original complaint filed in this cause, plaintiff alleged that on July 28, 1983, on State Road 39 in LaPorte County, Indiana, defendant negligently operated a motor vehicle which resulted in a collision with a vehicle in which plaintiff was a passenger. As a result of the collision plaintiff alleged that he "sustained a fracture to his right leg and was otherwise injured; prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical attention and hospitalization." (Complaint para. 3). In his prayer for relief, plaintiff demanded five hundred thousand dollars together with costs.

In his proffered amended complaint, plaintiff adds a second count which is almost identical to the first count with two exceptions: plaintiff alleges in paragraph two that defendant was intoxicated and operated the vehicle in a reckless manner and adds a fourth paragraph which states "[t]hat plaintiff suffered a pecuniary loss as defined under I.C. 34–4–30–1 as a result of defendant's violation of I.C. 35–43." (Amended Complaint Count II para. 4). As a result of that addition plaintiff (in addition to five hundred thousand dollars) seeks treble damages and reasonable attorney's fees.

As indicated, jurisdiction of this action is based upon diversity of citizenship and this Court must initially discuss which state's law governs this litigation. Since this Court is sitting in Indiana, the Court will look to Indiana's choice of law rules to determine which state's substantive law applies. *Klaxon v. Stentor Mfg. Co., Inc.,* 313 U.S. 487, 491, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *White v. United States,* 680 F.2d 1156, 1158 (7th Cir.1982); *Sharp v. Egler,* 658 F.2d 480, 483 n. 2 (7th Cir. 1981).

It has been stated with respect to conflicts of law questions in Indiana that "the law in this state while being far from clear is not indiscernible." *Lee v. Lincoln Nat'l Bank & Trust Co.,* 442 N.E.2d 1147, 1148 (Ind.App.1982) *trans. denied.* The reasons for that statement are clear.

In 1908, the Indiana Supreme Court held that when determining conflicts of law questions in tort actions, Indiana courts must follow the doctrine of *lex loci delicti.* *Wabash Railroad Co. v. Hassett,* 170 Ind. 370, 83 N.E. 705 (1908). Some sixty years later, the Indiana Court of Appeals adopted the most significant contracts rule in *Witherspoon v. Salm,* 142 Ind.App. 655, 237 N.E.2d 116 (1968). In reversing *Witherspoon* on other grounds, the Indiana Supreme Court specifically declined to address the issue of what rule applies in conflicts of law questions in tort actions and thus placed the precedential value of the appellate decision in *Witherspoon* in doubt. *See, Witherspoon v. Salm,* 251 Ind. 575, 243 N.E.2d 876 (1969).

The Indiana courts which have directly reached the issue since *Witherspoon* have consistently held that the rule in tort actions raising conflicts issues is *lex loci delicti* or the law of the place. *Snow v. Byrne,* 449 N.E.2d 296 (Ind.App.1983). *Lee, supra; Maroon v. State Department of Mental Health,* 411 N.E.2d 404 (Ind. App.1980), *trans. denied* (and cases therein). "Simply stated, the law of the location of the tort is applicable in a tort action for recovery of damages." *Lee,* 442 N.E.2d at 1148.[2]

---

**2.** The Court recognizes that the United States Court of Appeals for the Seventh Circuit has held that Indiana would follow the significant contacts rules in tort actions raising conflicts issues. *Watts v. Pioneer Corn Co.,* 342 F.2d 617 (7th Cir.1965); *Gianni v. Fort Wayne Air Service Inc.,* 342 F.2d 621 (7th Cir.1965). The Court will not address the continuing validity of those decisions.

Since this Court must give proper deference to the decisions of Indiana's intermediate state courts, *see, Garris v. Schwartz,* 551 F.2d 156, 158 (7th Cir.1977); *Norman v. Kal,* 550 F.Supp. 736, 740 (N.D.Ill.1982), and since Indiana follows the doctrine of *lex loci delicti,* Indiana's substantive law controls the present action because the accident occurred in this state. While Indiana law governs the substantive aspects, the procedural issues are, of course, governed by the Federal Rules of Civil Procedure.

So far as relevant, Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R. Civ.P. 15(a). "Amendments, although liberally granted, rest within the sound discretion of the trial court under Fed.R.Civ.P. 15." *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.1983) *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1984). "It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Development Corp. v. Advisory Council,* 632 F.2d 21, 23 (6th Cir.1980) *citing, Bacon v. California,* 438 F.2d 637 (9th Cir.1971) (per curiam); *Deloach v. Woodley,* 405 F.2d 496 (5th Cir. 1968) (per curiam). In the present matter, this Court is of the view that the second count of plaintiff's proffered amended complaint could not withstand a motion to dismiss and accordingly, plaintiff's motion to amend his complaint must be denied.

The precise issue presented by plaintiff's motion to amend complaint is easy to frame and that is whether a party can recover treble damages under I.C. 34–4–30–1 for personal injuries, loss of income, pain and suffering, and medical expenses as a result of an alleged violation of I.C. 35–43. Framing the answer to that question, however, is not so easy partly because it appears that there are no reported decisions on that precise issue by an Indiana state court or a federal court applying Indiana law.

"In applying a state statute, federal courts are 'bound by the construction given the statute by the highest court within the state.'" *Kifer v. Liberty Mutual Insurance Co.,* 777 F.2d 1325, 1329 (8th Cir.1985) *quoting Slaaten v. Cliff's Drilling Co.,* 748 F.2d 1275, 1277 (8th Cir.1984). As indicated, the Indiana Supreme Court has not passed upon the precise issue in this case.

"Where neither the legislature nor the highest court in a state has addressed an issue, the federal court must determine what the highest state court would probably hold were it called upon to decide the issue." *Hazen v. Pasley,* 768 F.2d 226, 228 (8th Cir.1985). "In making this determination, a federal court may 'consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" *Kifer, supra* at 1229–1230 *quoting, McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 663 (3d Cir.) *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980).

In order to answer the question presented by plaintiff's motion, analysis must first be made of the interplay between the applicable Indiana statutes. The treble damages statute, I.C. 34–4–30–1, provides:

> Sec. 1. If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may may bring a civil action against the person who caused the loss for:
>
> (1) an amount equal to three (3) times his actual damages;
>
> (2) the costs of the action; and
>
> (3) a reasonable attorney's fee.

I.C. 34–4–30–1. The statute referred to in the foregoing treble damage statute (I.C. 35–43) is a compilation of criminal laws relating to property and includes arson, I.C. 35–43–1–1; criminal mischief, I.C. 35–43–1–2; burglary, I.C. 35–43–2–1; trespass, I.C. 35–43–2–2; theft and conversion, I.C. 35–43–4–1—35–43–4–5; and forgery, fraud and other deceptions, 35–43–5–1—35–43–5–5. For present purposes, the only relevant provision in Article 43 is that relating to

criminal mischief which, so far as relevant, provides:

> Sec. 2. (a) A person who:
>
> (1) recklessly, knowingly, or intentionally damages property of another person without his consent; or
>
> (2) knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person;
>
> commits criminal mischief, a Class B misdemeanor....

I.C. 35–43–1–2.

The foregoing statutes have been the subject of numerous reported decisions. Unfortunately, none of the reported cases address the precise issues presented in this case. Nevertheless, there is one decision which this Court finds useful to discuss as a starting point for analysis.

In *Obremski v. Henderson,* 487 N.E.2d 827 (Ind.App.1986), the Indiana Court of Appeals held that driving while intoxicated constituted recklessness per se. It reached that conclusion based upon the decision of the Indiana Supreme Court in *Williams v. Crist,* 484 N.E.2d 576 (Ind.1985). In *Williams,* the Indiana Supreme Court was presented with the issue of whether or not driving while intoxicated constitutes wanton and willful misconduct for purposes of Indiana's Guest Statute, I.C. 9–3–3–1. In concluding that such conduct constitutes wanton and willful behavior, the Indiana Supreme Court pointedly held "it is high time we publicly state that the intoxicated driver is guilty of willful and wanton misconduct when he deliberately assumes control of an automobile and places it upon a public highway." 484 N.E.2d at 578. Relying upon *Williams,* the Indiana Court of Appeals in *Obremski* held that "[i]f driving while intoxicated is willful and wanton per se, it is also reckless per se." 487 N.E.2d at 830. Based upon that holding, the court in *Obremski* reversed the trial court's dismissal of plaintiff's treble damage claim.

Given *Obremski,* it is presently the law in Indiana that a party can seek to recover treble damages from a defendant who oper-

ates a motor vehicle while intoxicated (and by definition recklessly) for property damages. But this case is different from that presented in *Obremski.* There, plaintiff, among other things, was seeking to recover "personal property treble damages," 487 N.E.2d at 828, in its strict sense and there is no suggestion in the opinion that plaintiff was seeking to recover treble damages for personal injuries, medical expenses and lost business profits as is present plaintiff. Thus this Court must further scrutinize the relevant statutes.

For present purposes, the criminal mischief statute, I.C. 35–43–1–2, may fairly be divided into two parts. Each of those provisions will be considered seriatum.

Subsection (1) of the criminal mischief statute provides that a person who "recklessly, knowingly, or intentionally damages property of another without his consent" ... commits criminal mischief. I.C. 35–43–1–2(a)(1). By its very terms, a party can only be guilty of criminal mischief under this provision if he damages property of another with the requisite state of mind. The operative terms is "property" and property is defined in I.C. 35–41–1–2 as follows:

> "Property" means anything of value; and includes a gain or advantage or anything that might reasonably be regarded as such by the beneficiary; real property; personal property, money, labor, and services; intangibles; commercial instruments; written instruments concerning labor, services, or property; written instruments otherwise if value to the owner, such as a public record, deed, will, credit card, or letter of credit; a signature to a written instrument; extension of credit; trade secrets; contract rights, choses-in-action, and other interests in or claims to wealth; electricity, gas, oil, and water; captured or domestic animals, birds, and fish; food and drink; and human remains.

I.C. 35–41–1–2. Certainly, the foregoing definition of property is broad and encompasses both real and personal property, tangible and intangible. Yet no matter how broadly construed, this Court is of the

view that the damages which plaintiff presently seeks to recover can in no way be said to be for recovery of "property" as defined in the foregoing statute. This Court simply cannot equate plaintiff's request for personal injury damages as a request for "property" damages as defined in the statute. Accordingly, this Court will turn to the second relevant section of the criminal mischief statute.

Subsection (2) of the statute provides that a person who "knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person" commits criminal mischief. I.C. 35–43–1–2(a)(2). As can be seen, the foregoing subsection is written in the disjunctive and there is some question as to whether defendant's alleged conduct falls within the parameters of the foregoing subsection. Certainly plaintiff does not allege a "pecuniary[3] loss by deception or by an expression of intention to injure another person." Insofar as plaintiff may be alleging a loss due to damage of property, the same must fail for the reasons set forth above. Arguably plaintiff may be claiming that his rights were impaired by defendant's alleged conduct. Even if that is the case, plaintiff's claim must fail.

Subsection (2) of the criminal mischief statute differs from subsection (1) in at least one important respect. Subsection (1) proscribes certain "reckless" "knowing" or "intentional" conduct. Subsection (2), on the other hand, proscribes certain "knowing" or "intentional" conduct. Conspiciously absent from subsection (2) is any reference to "reckless" conduct. That omission, in this Court's view is telling.

The degrees of criminal culpability are defined in I.C. § 35–41–2–2. So far as relevant that statute provides:

Culpability.—(a) A person engages in conduct *"intentionally"* if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct *"knowingly"* if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct *"recklessly"* if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

I.C. 35–41–2–2 (emphasis added). As the foregoing excerpt makes clear, the Indiana legislature has chosen to define criminal culpability in varying degrees and chose to separate "intentional" conduct from "knowing" conduct and that conduct from "reckless" conduct.

In this Court's view, the degrees of culpability should not be construed as a distinction without a difference. Indeed, the decision of the Court in *Obremski* suggests the opposite. On appeal, the defendant argued that because plaintiff failed to allege "knowing and intentional" conduct together with "reckless" conduct the complaint was subject to dismissal. The Indiana Court of Appeals rejected that argument by simply noting that the statute was written in the disjunctive. *Obremski*, 487 N.E.2d at 831. Given the fact that subsection (2) of the criminal mischief statute makes no reference to "reckless" conduct and given the fact that the Indiana legislature has chosen to make a distinction (well-embodied in the common law) between "intentional," "knowing" and "reckless" conduct, this Court can not hold that defendant's alleged conduct of driving while intoxicated renders her liable for personal injury treble damages under subsection (2) of the criminal mischief statute. While the Indiana Court of Appeals in *Obremski* may have found itself constrained to hold that driving while intoxicated constitutes "reckless" conduct under the treble damages statute because the Indiana Supreme Court in *Williams* found such conduct to be "wanton and willful"

---

**3.** "Pecuniary" is not defined in the definitional section, I.C. 35–41–1–2, of the criminal code. Nevertheless, "[a] pecuniary loss has been described as a 'loss of money, or of something by which money, or something of money value may be acquired.'" *American Leasing, Inc. v. Maple*, 406 N.E.2d 333, 335 (Ind.App.1980) *quoting*, 54 C.J.S. Loss p. 80 (1948).

under the Guest Statute, it simply does not follow that this Court will conclude that such conduct should now be construed to be a violation of subsection (2) of Indiana's criminal mischief statute. It would be a leap in logic for this Court to equate wanton and willful conduct (*Williams*)/reckless conduct (*Obremski*) with intentional and knowing conduct. To do so would wholly ignore the intent of the Indiana legislature.

Even apart from the foregoing, there is another reason why this Court is of the view that plaintiff should not be allowed to amend his complaint to include a claim for treble damages. As has been made abundantly clear, the issue presented in this case involves the interpretation of, and application of, two state statutes. Statutes are to be interpreted as a whole, *see Clipp v. Weaver*, 451 N.E.2d 1092 (Ind.1983) and statutes in *pari materia* are to be read in harmony.

It is significant to note that the title to the treble damages statute refers to damages for offenses against property. Moreover, the criminal statute (I.C. 35–43) identified in the treble damages statute relates solely to offenses against property. That a distinction has been made by the legislature between property loss and personal injury can be seen by a review of the criminal code relating to offenses against property. For example, in both the arson statute (I.C. 35–43–1–1) and the burglary statute (I.C. 35–43–2–1), the Indiana legislature has chose to enhance the penalty where a defendant in the commission of the act injures another as opposed to merely destroying or taking property.

In light of the above, this Court is of the opinion that the Indiana Supreme Court, if presented with the issue, would conclude that a party cannot recover treble damages under I.C. 34–4–30–1 for personal injuries, loss of income, pain and suffering, and medical expenses as a result of an alleged violation of I.C. 35–43. With that conclusion, it is clear that Count II of plaintiff's proffered amended complaint could not survive a motion to dismiss and accordingly,

plaintiff's motion to amend his complaint will be denied.

## CONCLUSION

On the basis of the foregoing, plaintiff's March 3, 1986 "Motion for Leave to File Amended Complaint" must be and hereby is DENIED.

Dated this 15th day of May, 1986.