**Jerome ASH, Appellant (Plaintiff Below),**

v.

**Jon CHANDLER, Appellee (Defendant Below).**

**No. 37A03–8710–CV–292.**

Court of Appeals of Indiana, Third District.

Nov. 7, 1988.

Zena D. Crenshaw, Kevin W. Marshall, Meacham & Crenshaw, P.C., Gary, for appellant.

Rudy Lozano, Theresa L. Springmann, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Jerome Ash appeals from a judgment entered pursuant to Ind. Rules of Procedure, Trial Rule 68, after Ash brought suit against defendant-appellee Jon Chandler for personal injuries and property damage resulting from an automobile collision.

The facts relevant to this appeal disclose that in May 1986 Chandler's vehicle collided with Ash's vehicle at an intersection in Gary. Ash was travelling on a preferential street not controlled by a traffic signal or stop sign. Chandler was travelling on a street controlled by a stop sign at the intersection at which the collision occurred. Chandler was arrested for driving while intoxicated. Chandler's blood alcohol content tested at .21%. Ash incurred $220.00 in medical expenses due to the accident.

In July 1986 Ash filed a complaint for damages against Chandler. In August 1986 Ash's motion for default judgment was granted, except as to the issue of damages. In September 1986 the trial court granted Chandler's motion to set aside the default judgment based upon his insurer's affidavit that the suit papers had been inadvertently mishandled.

In November 1986 Ash filed an amended complaint requesting *inter alia* treble damages pursuant to IND.CODE § 34–4–30–1 (1982) (since amended) due to Chandler's intoxication at the time of the accident. Again Ash moved for default judgment, but the judgment was denied. Chandler's answer to the amended complaint contained a release for all property damage, executed by Ash's parents who were the owners of the vehicle Ash was driving at the time of the collision.

Also in November Ash filed a motion for sanctions and to expel Chandler's insurer from the lawsuit, and a motion for summary judgment. The trial court denied all motions in April 1987.

In April 1987 Chandler made an offer of judgment pursuant to T.R. 68 whereby Chandler would "allow judgment to be taken against him in this action by the Plaintiff, Jerome Ash, in the sum of Seven Hundred Fifty and no/100 Dollars ($750.00), with costs now accrued." A few days later Ash filed a notice of acceptance of the offer which stated that he accepted the offer "for the sum of $750.00 and costs accrued to the date of such offer which are as follows:

1. Court Costs $46.00
2. Attorney fees pursuant to I.C. 34–4–30–1 and *Rakes vs. Wright* 498 N.E. 2d 101 (1986). $7,390.00"

On June 8, 1987 the trial court determined that attorney's fees and costs were not available to Ash. The trial court apparently deemed Ash's acceptance as a request for costs and attorney's fees and denied the request. Then on August 1, 1987 the trial court entered judgment against Chandler for $750.00 plus costs of the action. However, on August 31, 1987 at the request of Chandler, the trial court corrected a "clerical error" and ordered Ash to execute a satisfaction of judgment in the cause for $750.00, costs inclusive.

Ash brings this appeal raising several errors:

(1) whether the trial court erred in modifying Ash's acceptance of Chandler's offer of judgment by excluding costs and attorney fees in an action pursuant to IND.CODE § 34-4-30-1 (1982) (since amended);

(2) whether the trial court erred in ordering Ash to execute a satisfaction of judgment;

(3) whether the trial court erred in granting Chandler's motion to set aside the default judgment;

(4) whether the trial court erred in denying Ash's motion for summary judgment;

(5) whether the trial court erred in denying Ash's second motion for default judgment;

(6) whether the trial court erred in denying Ash's motion for sanctions and motion to expel Chandler's insurer; and

(7) whether the trial court erred in denying Ash's T.R. 11 motion to strike and request for sanctions.

The threshold question is whether IND.CODE § 34-4-30-1 is applicable to a claim for personal injuries and attendant pain and suffering and medical expenses independent of any claim for property damage. IND.CODE § 34-4-30-1 (1982) (since amended) states:

"If a person suffers a pecuniary loss as a result of a violation of IC 35-43, he may bring a civil action against the person who caused the loss for:

(1) an amount equal to three (3) times his actual damages;

(2) the costs of the action; and

(3) a reasonable attorney's fee."

Article 43 encompasses various criminal actions which are property offenses. Thus on its face, the treble damages statute is restricted to offenses against property.

In *Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909, 910–911, our Supreme Court determined that the behavior of an intoxicated driver who acts "in plain, conscious, and unjustifiable disregard of harm that might result" could be categorized as criminal mischief, IND.CODE § 35-43-1-2(a)(1) (1985 Supp.). The court reasoned that such behavior could support a claim for treble damages pursuant to IND.CODE § 34-4-30-1. *Obremski, supra,* 497 N.E.2d at 911. The majority in *Obremski* did not address the issue regarding personal injuries as presented in this case.

The issue appears to be one of first impression for the state courts in Indiana. In *Kuba Estate v. Ristow Trucking Co., Inc.* (1987), Ind., 508 N.E.2d 1, our Supreme Court determined that treble damages under IND.CODE § 34-4-30-1 were not available in wrongful death actions after the question was certified to the Court from the United States Court of Appeals for the Seventh Circuit. *Kuba, supra,* 508 N.E.2d at 3. The *Kuba* decision is not dispositive of the issue presented here; however, the analysis relied upon by the District Court in *Estate of Kuba by Kuba v. Ristow Trucking Co., Inc.* (N.D.Ind.1986), 660 F.Supp. 1069 is instructive.

In an appendix to *Estate of Kuba* the District Court set out a magistrate decision which analyzed the precise issue at hand. The magistrate determined that a recovery for personal injuries could not be trebled pursuant to IND.CODE § 34-4-30-1 inasmuch as the loss could not be termed a property loss, and because the illicit conduct was "reckless" rather than "knowing" or "intentional." 660 F.Supp. at 1074–1076.

The criminal mischief statute, IND. CODE § 35–43–1–2 (1985 Supp.) provides in relevant part:

"(a) A person who:

(1) recklessly, knowingly, or intentionally damages property of another person without his consent; or

(2) knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person;

commits criminal mischief, a Class B misdemeanor."

Examining subsection (1), property damage cannot include personal injuries. "Property" is specifically defined in IND. CODE § 35–41–1–23 (1982) and includes real, personal, tangible and intangible property but no matter how broadly interpreted the definition does not include personal injuries or medical expenses. *Estate of Kuba, supra,* 660 F.Supp. at 1074. Consequently, subsection (1) is inapplicable.

Our Supreme Court in *Obremski* termed an intoxicated driver's conduct "reckless." 497 N.E.2d at 910. Thus subsection (2) of the statute would not apply inasmuch as the legislature has specifically provided for degrees of culpability in IND. CODE § 35–41–2–2 (1982), and "reckless" conduct is not synonomous with "knowing" or "intentional." *Estate of Kuba, supra,* 660 F.Supp. at 1075.

Accordingly, the provisions of IND. CODE § 34–4–30–1 are not available to Ash on a claim for personal injuries or medical expenses attendant thereto.

Ash's first issue questions the efficacy of the trial court's decision to enter judgment which did not parallel his notice of acceptance of Chandler's offer of judgment. Although Ash's acceptance was premised upon relief not available to him, it does not follow that those portions of the acceptance could be excised and judgment could be entered on that acceptance.

A consent decree or judgment may be construed as a contract, and the rules of contract construction apply. *Hanover Lo-*

*gansport v. Robert C. Anderson* (1987), Ind.App., 512 N.E.2d 465, 470. It is basic to contract law that acceptance which interposes new terms is not an acceptance but may be deemed a counter-offer. *Radio Picture Show v. Exclusive Intern. Pic.* (1985), Ind.App., 482 N.E.2d 1159, 1166. The court was not free to alter terms of the counter-offer proposed by Ash and then enter judgment. Therefore, the cause must be reversed and remanded to allow the parties freedom to negotiate settlement or to proceed to trial absent the claim for treble damages under IND.CODE § 34–4–30–1.

Because the cause is reversed and remanded, the other issues presented for review will not be discussed. The cause is hereby reversed and remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

GARRARD, P.J., and STATON, J., concur.