**Robert B. SEIFERT and Nationwide Insurance Company, Appellants,**

v.

**Leon E. BLAND, Appellee.**

No. 71S03–9203–CV–172.

Supreme Court of Indiana.

March 13, 1992.

Rehearing Denied May 22, 1992.

David Weisman, South Bend, for Robert B. Seifert.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for Nationwide Ins. Co.

Robert F. Gonderman, Jr., Gonderman Law Office, P.C., South Bend, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition for transfer from the Third District Court of Appeals. Appellant presents two issues in this appeal: 1) whether the trial court erred in giving a jury instruction that allowed non-property damages to be trebled under the treble damage statute, Ind.Code 34–4–30–1; and 2) whether the trial court erred in giving an instruction that allowed the jury to consider the plaintiff's loss of quality and enjoyment of life as an element of damages separate from the nature and extent of the injury. The Court of Appeals reversed, holding that I.C. 34–4–30–1 was inapplicable to damages for personal injury and that juries should consider the loss of quality and enjoyment of life as a component of other elements of damage to avoid impermissible duplication of damages. *Seifert v. Bland* (1989), Ind.App., 546 N.E.2d 1242. For the reasons set forth below, we now grant transfer and reverse the trial court judgment.

The facts are as follows: On October 5, 1986, Robert Seifert, appellant, was driving southbound on Williams Street in South Bend. He failed to stop at the stop sign at the intersection of Williams and Western Street, and he failed to signal his left turn. He collided with a car driven by Leon Bland, appellee, who had come to a complete stop before proceeding into the intersection. At the time of the collision Seifert was intoxicated and had a blood alcohol content of .20, twice the legal limit.

A jury awarded Bland $250,000 in compensatory damages and an additional $750,000 under I.C. 34–4–30–1 as treble damages. By agreement the treble damage award was reduced to $500,000 for an aggregate award of $750,000. The trial court also awarded $300,000 as attorney fees and $5,616.70 as costs under I.C. 34–4–30–1.

Seifert contends that the trial court erred in giving Plaintiff's Tendered Instruction No. 2:

A person engages in conduct which is reckless if he engages in the conduct in plain, conscious, and unjustifiable disregard of the harm that might result and this disregard of the harm that might result to others involves a substantial deviation from acceptable standards of conduct.

If you find that:
1. the defendant recklessly damaged property of another without his consent; and
2. Mr. Bland sustained a pecuniary loss as a result of the defendants [sic] reckless conduct;

Then you may award Mr. Bland:
1. An amount not to exceed three (3) times his actual damages; and
2. All costs of this action; and
3. a reasonable attorney's fee which has been stipulated to be 35%; and
4. All actual travel expenses that were incurred by Mr. Bland to attend court proceedings; and
5. Reasonable compensation for Mr. Bland's loss of time relating to attending all court proceedings; and
6. All reasonable expenses incurred relating to providing witnesses [sic] fees in attending court proceedings

and in travelling to and from court proceedings; and

7. and all other reasonable costs of collection.

Pecuniary loss is a loss of money, or of something by which money, or something of money value may be acquired and includes any money lost as a result of lost wages or income, medical bills, or damage to property.

Actual damages includes all compensatory damages, which you may award Mr. Bland in compensation for Mr. Bland's injuries, including past, present and future physical and mental pain and suffering, all reasonable medical expenses, all lost wages or impairment to earning capacity, disability, property damage and loss of enjoyment of life.

■ As a preliminary matter, Bland maintains that Seifert waived consideration of this issue by changing the theory of his objection to the treble damage instruction on appeal. The essence of Seifert's objection at the trial court level to Plaintiff's Tendered Instruction No. 2 was that neither the treble damage statute nor its legislative history contemplated trebling "personal injuries and general damages for personal injuries." While Seifert's objection could have been more artfully stated, we are satisfied that it sufficiently conveyed the gist of his argument on appeal so as to allow us to reach the merits of the cause.

■ The treble damage statute was first applied to an automobile accident in *Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909. This Court held that an intoxicated driver who had recklessly damaged the plaintiff's car committed criminal mischief and could be subject to liability for treble damages under I.C. 34–4–30–1.* In that case, the plaintiff had sought only damages for the estimated cost of repairs to his vehicle; the case did not involve personal injuries. In the instant case, the trial court interpreted Plaintiff's Tendered

Instruction No. 2 to allow Bland to treble both his property and personal injury damages. The Court of Appeals reversed, citing *Ash v. Chandler* (1988), Ind.App., 530 N.E.2d 303, where the court held that I.C. 34–4–30–1 was not applicable to a claim for personal injuries or medical expenses attendant thereto. Transfer was not sought in that case. The issue of the applicability of I.C. 34–4–30–1 to non-property damages is one of first impression for this Court.

In construing a statute this Court must give meaning to its language, where that meaning is clear and unambiguous. When applying a statute whose language is ambiguous or reasonably susceptible to more than one construction this Court will construe the statute to determine the apparent legislative intent. *Dague v. Piper Aircraft Corp.* (1981) 275 Ind. 520, 418 N.E.2d 207. The language of I.C. 34–4–30–1 requires a pecuniary loss as a result of one of the crimes against property included in I.C. 35–43, but authorizes an award of treble the plaintiff's actual damages resulting from a crime against property without specifying whether non-property damages are recoverable under the statute. These provisions are sufficiently ambiguous so as to require this Court to construe the statute according to the apparent intention of the legislature.

The predicate crimes that triggered application of I.C. 34–4–30–1 at the time of the accident are set out in I.C. 35–43, entitled "Offenses Against Property." These criminal statutes deal solely with violations resulting in damage to property, and no statute within Article 43 has an element of personal injury. Bland argues, however, that the $40–50 loss he suffered when his jacket was ruined in the accident supports a jury verdict of three times his personal injury damages under I.C. 34–4–30–1. We disagree. The legislature did not intend that property damage cases under I.C. 35–43 would be a means for plaintiffs to recover potentially huge personal injury awards

---

* The legislature has since amended I.C. 34–4–30–1 with the result that after April 27, 1987, the statute no longer applies to plaintiffs who suffer damage as a result of the operation of a vehicle in violation of I.C. 35–43–1–2 or 35–43–2–2

(criminal mischief and criminal trespass, respectively) unless the damage was intentionally inflicted. P.L. 316–1987, sections 1–2. Bland's claim accrued on October 5, 1986, and is not controlled by this amendment.

by bringing them under the treble damage statute. One aim of the treble damage statute is to encourage victims of crimes against property to recover losses that were previously unrecoverable because they were too small to support a lawsuit or were not covered by insurance. Personal injury plaintiffs do not need any such encouragement, as there is already in place a successful system for recovery of personal injury losses.

Lastly, Seifert argues that the trial court erred in giving its damages instruction, Plaintiff's Tendered Instruction No. 9, which reads in pertinent part:

> With respect to the damages sustained by Mr. Bland, you may consider:
>
> 1. The nature and extent of Mr. Bland's injuries.
>
> . . . .
>
> 7. The loss of the quality and enjoyment of life.

Because we reverse the judgment of the trial court and remand for retrial based on the first issue we simply direct the trial court on remand to refashion its damages instruction in accordance with this Court's opinion in *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 1279.

Accordingly, the judgment of the trial court is reversed. This cause is remanded for retrial on all issues consistent with this opinion.

SHEPARD, C.J., and KRAHULIK, J., concur.

GIVAN, J., concurs and dissents with separate opinion.

DICKSON, J., dissents without opinion.

GIVAN, Justice, concurring and dissenting.

I concur with the majority opinion so far as the treble damages issue is concerned.

Although the majority opinion does not directly address the question of the giving of the instruction on separate damages for loss of the quality and enjoyment of life, it does refer to *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 1279, which correctly states that it is error to give such an in-

struction but that there, the giving of the instruction was harmless error.

I agree that many damages which might be included in the loss of the quality and enjoyment of life might well be considered facts which the jury could consider in awarding other damages. However, for that very reason, the giving of such an instruction has the potential to lead a jury into the error of pyramiding damages awarded to a plaintiff.

I would therefore hold that the giving of such an instruction is reversible error, and the trial court should be instructed to refrain from giving such an instruction on the retrial of this case.